614 So.2d 323 (1993)
Victor SANTACRUZE
v.
INA INSURANCE COMPANY.
No. 92-CA-2041.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1993.
Nicolas Estiverne, New Orleans, for plaintiff/appellant.
Sheryl Story, Temple A. Stephens, New Orleans, for defendant/appellee.
Before SCHOTT, C.J., and BARRY and PLOTKIN, JJ.
PLOTKIN, Judge.
Claimant Victor Santacruze appeals a decision by a hearing officer of the Office of Workers' Compensation. The decision recognized Dr. Robert Mimeles as claimant's choice of an orthopedic surgeon and ordered that the employer pay the medical bill of Dr. Henry Evans. Santacruze contends that Dr. Mimeles was not his choice and he contests the hearing officer's refusal of his request for penalties and attorneys' fees for the employer's failure to pay medical expenses. We reverse the hearing officer's judgment on those issues and award Santacruze $5,000 in attorney fees.

Facts
Santacruze injured his back on March 22, 1989 while carrying two boxes of tomatoes during the course and scope of his employment with Bubba's Produce Company. He returned to work, but sought medical treatment a few days later. The company referred him for treatment to Dr. Robert L. Mimeles of the AMI Medical Clinic. Dr. Mimeles performed an L5 hemilaminectomy on the claimant on August 20, 1989. Following further treatment and physical *324 therapy, Dr. Mimeles concluded on May 23, 1990 that Santacruze had reached maximum improvement and released Santacruze to return to light-duty work.
The defendants retained the services of Carolyn Caffuman, a professional rehabilitation expert, to assist the claimant in returning to gainful employment. Ms. Caffuman testified at the hearing that she worked on Santacruze's file beginning in June of 1990, but that the claimant never pursued any of the jobs she found which Dr. Mimeles approved.
Santacruze consulted with Dr. Henry Evans, a general practitioner, on August 28, 1991. Dr. Evans testified at trial that the claimant exhibited pain and limitation of motion from the first time he saw him. He stated his opinion that Santacruze should not perform any work, even light duty. In September of 1991, he recommended that Santacruze consult another orthopedist. The defendants refused to pay any of Dr. Evans' bills and refused the claimant's request that they approve his consultation with an orthopedist other than Dr. Mimeles.

Choice of physician
LSA-R.S. 23:1121(B) provides as follows:
The employee shall have the right to select one treating physician in any field or specialty. After his initial choice the employee shall obtain prior consent from the employer or his worker's compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.
Santacruze claims that he never selected Dr. Mimeles, but that his employer sent him to Dr. Mimeles. He claims that Dr. Evans is the only doctor he ever chose, and that since Dr. Evans is a general practitioner, he is entitled to chose an orthopedist. Santacruze testified consistently at trial that he never chose Dr. Mimeles as his orthopedist, but that he simply submitted to Dr. Mimeles' treatment because the employer had told him to go to AMI. Nevertheless, the hearing officer found that Dr. Mimeles was the claimant's orthopedist of choice.
The defendants defend the hearing officer's finding, pointing out the fact that Santacruze willingly consulted Dr. Mimeles for years, and even allowed him to perform surgery, without objection. They claim that Santacruze started claiming that Dr. Mimeles was not his physician of choice only when Dr. Mimeles released the claimant to return to work. They also emphasize the fact that Santacruze never consulted any other physician until a year and three months after Dr. Mimeles released him to return to work.
Despite the defendants' arguments on this issue, we find that the hearing officer erred in finding that Dr. Mimeles was the claimant's orthopedist of choice, which was directly opposed to Santacruze's uncontradicted testimony. The statute quoted above gives an injured employee an absolute right to choose one physician in any field without the approval of the employer. Santacruze is entitled to exercise this right at any time. The statute does not impose any time limits, nor does it prohibit a claimant from choosing a physician in a particular field after he was treated by another physician in that field unquestionably chosen by the employer. We reverse the hearing officer on this issue and order the employer to allow Santacruze to consult an orthopedist of his own choosing.

Attorney fees
Under the provisions of LSA-R.S. 23:1201.2, employers and insurers are liable for attorney fees incurred by an injured employee in collecting workers' compensation benefits and medical expenses which the employer or insurer fails to timely pay, if the failure to pay is found to be "arbitrary, capricious, and without probable cause." The hearing officer denied Santacruze's request for attorney fees under this article, while ordering that the employer pay medical expenses incurred with Dr. Evans.
*325 The parties stipulated at trial that the employer failed to pay any of the bills from Dr. Evans, who was the claimant's only physician of choice. The record contains no explanation for the employer's decision to deny payment of those bills. As noted above, the claimant is entitled to choose one physician in any field or specialty. Dr. Evans is a general practitioner, the only physician in that field consulted by Santacruze in connection with his work-related injury. Since the defendants offered no explanation for their failure to pay those bills, we can only conclude that the failure was arbitrary, capricious, and without probable cause. We find that $5,000 is a reasonable amount of attorney fees for the collection of those bills and award Santacruze that amount.
Santacruze also claims in brief that the defendants should be liable for attorney fees for the defendants' actions in paying the wrong amount of benefits and in paying supplemental earnings benefits prematurely. Neither of those arguments are briefed. Additionally, the claimant abandoned his contention that the amount of the benefits paid was improper in oral argument. Therefore, we pretermit discussion of those issues.

Conclusion
The hearing officer's finding that Dr. Mimeles was the claimant's orthopedist of choice is reversed, and the defendants' are ordered to allow Santacruze to choose an orthopedist for consultation. Further, the hearing officer's decision denying attorney fees is reversed, and Santacruze is awarded $5,000 in attorney fees. All costs of this appeal are assessed to the defendants.
REVERSED.