I JOAN BERNARD ARMSTRONG, Judge.
This is a workers’ compensation case. The employer, Southern Scrap Material Co., L.L.C., seeks a review of a judgment rendered by the Workers’ Compensation Judge CWCJ”) granting the plaintiff/employee’s motion to appoint the physician of plaintiff/employee’s choice. On July 18, 2001, we denied the employer’s writ application stating:
In fight of the plaintiffs testimony, the workers’ compensation judge did not err when she granted the plaintiffs motion. The plaintiff was initially referred to Dr. Nutik by his employer. Even though the plaintiff treated with Dr. Nutik for several months, the plaintiff continually expressed his dissatisfaction without any response from the physician. As such, the workers’ compensation judge correctly held that the plaintiff has shown cause why he was dissatisfied with the physician and has the right to a physician of his choice.
Thereafter, the employer sought supervisory review from the Louisiana Supreme Court. The Supreme Court issued an order, without opinion, remanding the case to us for “briefing, argument and opinion.” The parties have been given the opportunity to file additional briefs, argument has been heard, and we now render an opinion.
*658 The employer contends in its supplemental brief that the WCJ erred in concluding that the plaintiff, Michael Smith, had not made Dr. Nutik his de facto choice of physician. The employer relies upon cases from the Second and Third [^Circuits which have adopted a theory of “de facto” selection of physicians under La. R.S. 23:1121(B). See Fenyes v. Highland Park Medical Center, 97-0120 (La.App. 1 Cir. 2/20/98), 708 So.2d 493 and Skelton v. Hunt Forest Products, 2001-0158 (La.App. 3 Cir. 6/6/01), 787 So.2d 1216. In these cases, the courts have determined that the claimant had chosen the employer’s physician as a result of his actions and denied the claimant’s request to change physicians. This Court has not adopted such a theory. In fact, this Court concluded in Santacruze v. INA Ins. Co., 92-2041 (La.App. 4 Cir. 2/11/93), 614 So.2d 323, that the statute gives an injured employee an absolute right to choose one physician in any field without the approval of the employer. The statute does not impose any time limits, nor does it prohibit a claimant from choosing a physician in a particular field after he was treated by another physician in that field unquestionably chosen by the employer.
. In Santacruze, the plaintiffiemployee sought review of the workers’ compensation judge’s ruling denying his request to choose an orthopedic surgeon. The workers’ compensation judge held that the plaintiff had chosen Dr. Mímeles as his physician. This court reversed the workers’ compensation judge and concluded that the plaintiff had not chosen Dr. Mí-meles as his physician and had the right to select a physician under La. R.S. 23:1121(B). This Court noted that his employer referred the plaintiff to Dr. Mí-meles immediately after his accident in March of 1989. Dr. Mímeles performed back surgery on the plaintiff in August of 1989 and continued to treat the plaintiff until May 23, 1990. The plaintiff testified at the hearing that he never chose Dr. Mímeles as his physician but submitted to Dr. Mímeles’ treatment because his employer told him that he had to go to AMI. This Court concluded that the evidence clearly revealed that the plaintiff never selected Dr. Mímeles as his physician. This Court stated:
1 ¡¡Despite the defendants’ arguments on this issue, we find that the hearing officer erred in finding that Dr. Mí-meles was the claimant’s orthopedist of choice, which was directly opposed to Santacruz’s uncontradicted testimony. The statute quoted above gives an injured employee an absolute right to choose one physician in any field without the approval of the employer. San-tacruze is entitled to exercise this right at any time. The statute does not impose any time limits, nor does it prohibit a claimant from choosing a physician in a particular field after he was treated by another physician in that field unquestionably chosen by the employer. We reverse the hearing officer on this issue and order the employer to allow Santacruze to consult an orthopedist of his own choosing.
Santacruze, 614 So.2d at 324.
In the present case, the plaintiff alleged in his claim that he injured his knee as he exited his truck while in the scope and course of his employment with the defendant. The plaintiff initially sought treatment at the Chalmette Medical Center on August 24, 2000. The plaintiff was seen by Dr. Friedrichsen, and was referred, by his employer, to Dr. Nutik for further care. Plaintiff began treating with Dr. Nutik on September 1, 2000. Plaintiff returned to Dr. Nutik for continued treatment on September 18, 2000, October 11, 2000, and October 23, 2000. Dr. Nutik performed arthroscopic surgery on plain *659 tiffs knee on October 31, 2000. The plaintiff continued to treat with Dr. Nutik on November 13, 2000, December 1, 2000, December 15, 2000, January 5, 2000, January 29, 2001 and February 19, 2001. The defendant contends that since the plaintiff continued treating with Dr. Nutik after surgery and did not express any dissatisfaction until after the surgery, the plaintiff has, by his actions, chosen Dr. Nutik as his physician of choice.
However, the plaintiff testified at the hearing that he was dissatisfied with the treatment he received from Dr. Nutik. He stated that he complained to Dr. Nutik about the physical therapist. When he went to physical therapy, there was not enough equipment and he was not given sufficient supervision and guidance in the use of the equipment. The plaintiff further stated that he was dissatisfied when |4Pr. Nutik stated he could return to work. He went back to work but was in extreme pain and discomfort. The plaintiff stated that his left leg is still very weak, and he could not push the clutch on his truck. He testified that he told Dr. Nutik of his dissatisfaction." The plaintiff told Dr. Nu-tik that he felt he needed to continue with physical therapy for his left leg. The plaintiff stated at the hearing that Dr. Nutik would never answer his questions. He could not get a straight answer from the physician.
In light of these facts, the plaintiff did not “de facto” choose Dr. Nutik as his treating physician. The WCJ correctly ruled that the plaintiff could choose a physician of his choice.
For the foregoing reasons, the judgment of the WCJ is affirmed.

AFFIRMED.