839 So.2d 5 (2003)
Michael SMITH
v.
SOUTHERN HOLDING, INC. and Southern Scrap Material Company, L.L.C.
No. 2002-CC-1071.
Supreme Court of Louisiana.
January 28, 2003.
Rehearing Denied March 21, 2003.
*6 Michael D. Meyer, Counsel for Applicant.
Ruben Hernandez, Jr., Robert A. Lenter, Metairie, Counsel for Respondent.
KNOLL, Justice.
In this workers' compensation case, we are asked to decide whether an employee who submits to surgery and treatment by an employer-referred physician, makes a de facto choice of treating physician within the meaning of La.Rev.Stat. 23:1121(B). There is a split among the First and Third Circuit Courts of Appeal and the Fourth Circuit as to the proper resolution of this question.[1] The First and Third Circuits recognize de facto selection of a physician and the Fourth Circuit finds the statute does not so provide. Finding that the Fourth Circuit's resolution of the issue is correct as a matter of law, we affirm.

FACTS and PROCEDURAL HISTORY
The plaintiff, Michael Smith (Smith), injured his left knee on August 21, 2000. This injury occurred when Smith missed a step with his right foot as he was getting out of his truck while in the course and scope of his employment with Southern Scrap Material Company, L.L.C. (Southern Scrap). Smith was referred by Southern Scrap to Chalmette Medical Center, where he sought treatment on August 24, 2000. He was treated by Dr. A. Friedrichsen, who in turn referred him to Dr. Gordon Nutik, an orthopedic surgeon.
Smith first saw Dr. Nutik on September 1, 2000, and returned to him on September 18, 2000. On October 11, 2000, Dr. Nutik recommended arthroscopic surgery. Smith saw Dr. Nutik on October 23, 2000, *7 for the purpose of a pre-operative examination. The surgery was performed by Dr. Nutik on October 31, 2000. Following the surgery, Smith saw Dr. Nutik six more times, the last visit occurring on February 19, 2001.
After the surgery, Smith informed Dr. Nutik that he continued to experience pain. Smith also continuously complained to Dr. Nutik that the therapy was inadequate and that his leg was not improving, leaving him unable to drive a truck with a clutch that requires ninety pounds of pressure. Subsequently Smith learned he had the right to be treated by a physician of his choice. Claiming that he had not chosen Dr. Nutik to treat him, Smith sought to be treated by Dr. John Watermeier, an orthopedic surgeon. Southern Scrap refused Smith's request on the grounds that he made a de facto choice of physician. Smith filed a claim with the Office of Workers' Compensation (OWC) seeking an appointment of a physician of his choice.
Southern Scrap argued that by submitting to medical treatment over a period of almost six months, including surgery, Smith had de facto chosen Dr. Nutik as his treating physician. The hearing officer rejected the employer's argument and ruled that Smith had shown cause why he was dissatisfied with the treatment by Dr. Nutik and that Smith had a right to choose an orthopedist under La. R.S. 23:1121(B).
Southern Scrap took a supervisory writ to the court of appeal, which denied the writ. It then applied to this court for a supervisory writ, which we granted, remanding the case to the court of appeal for briefing, argument and opinion. Smith v. Southern Holding, Inc., 2001-2258 (La.9/28/01), 798 So.2d 104. On remand from this court, the court of appeal affirmed the OWC. The court of appeal recognized that the employer relied upon cases from the First and Third Circuits,[2] which have adopted a theory of de facto selection of physicians in workers' compensation cases. However, citing Santacruze v. INA Ins. Co., 614 So.2d 323 (La.App. 4 Cir.1993), the court of appeal noted the Fourth Circuit had never adopted such a theory and held the statute gives an injured employee an absolute right to choose one physician in any field without the approval of the employer. Southern Scrap again sought this Court's review. We granted the employer's writ application to resolve the split among the circuits. Smith v. Southern Holding, Inc., XXXX-XXXX (La.6/21/02), 819 So.2d 336.

DISCUSSION
Southern Scrap asserts that the failure of the hearing officer and the Fourth Circuit to recognize the de facto selection of a physician under the provisions of La.Rev. Stat. 23:1121(B) is erroneous. It argues that when an employee submits to treatment by an employer-referred physician it constitutes a selection of a physician within the intendment of La.Rev.Stat. 23:1121(B).
La.Rev.Stat. 23:1121(B) provides:
The employee shall have the right to select one treating physician in any field or specialty. The employee shall have a right to the type of summary proceeding provided for in R.S. 23:1124(B), when denied his right to an initial physician of his choice. After his initial choice, the employee shall obtain prior consent from the employer or his workers' compensation carrier for a change of treating physician within that same field or specialty. *8 The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.
A review of the jurisprudence shows the Fourth Circuit was the first appellate court to address La.Rev.Stat. 23:1121(B), in Santacruze. In that case the employer had sent Santacruze to Dr. Mimeles. In support of its argument to uphold the hearing officer's finding that Dr. Mimeles was Santacruze's de facto choice of physician, the employer pointed out that Santacruze had willingly consulted Dr. Mimeles for years and allowed him to perform surgery. The employer argued Santacruze began claiming Dr. Mimeles was not his physician of choice only when Dr. Mimeles released Santacruze to return to work. Santacruze testified consistently at trial that he never selected Dr. Mimeles's treatment as his orthopedist, but that he submitted to Dr. Mimeles's treatment because the employer had told him to go there. The hearing officer found that Santacruze had de facto selected Dr. Mimeles.
In reversing the OWC, the Fourth Circuit held that La.Rev.Stat. 23:1121(B), "gives an injured employee an absolute right to choose one physician in any field without the approval of the employer." Santacruze, 614 So.2d at 324. The statute does not impose any time limits, nor does it prohibit an employee from choosing a physician in a particular field after he was treated by another physician in that field, unquestionably chosen by the employer. See Santacruze, 614 So.2d at 324.
In the present case, the Fourth Circuit upheld the decision of the hearing officer that Smith has the right to choose a treating physician under La.Rev.Stat. 23:1121(B). Relying upon its Santacruz decision, the court stated that it has not adopted the theory of de facto selection of a treating physician.
The theory of a de facto choice of physician under La.Rev.Stat. 23:1121(B) first appeared in Guillotte v. Dynamic Offshore Contractors, 628 So.2d 234 (La.App. 3 Cir. 1993). There the employer referred the injured employee, Guillotte, to Dr. Comeaux. Dr. Comeaux subsequently referred Guillotte to Dr. Shepherd, an orthopedist. After Dr. Shepherd released Guillotte to return to work, Guillotte complained he was unhappy with Dr. Shepherd and sought authorization to see an orthopedist of his choosing. The hearing officer found that Guillotte had chosen Dr. Shepherd as his treating orthopedist. The hearing officer found that by, (1) failing to specify an orthopedist and, (2) undergoing treatment by Dr. Shepherd, Guillotte had de facto chosen Dr. Shepherd as his treating physician. See Guillotte, 628 So.2d at 236. The Third Circuit concluded that the hearing officer's finding was not manifestly erroneous. Id. See also Comeaux v. Sam Broussard Trucking, 94-1631, p. 4 (La. App. 3 Cir. 5/31/95), 657 So.2d 449, 452-453, which affirmed the hearing officer's finding that the employee had de facto chosen a physician, where the employee clearly submitted to treatment and did not request a change in physicians until the doctor released the employee to return to work.
The First Circuit, relying upon Comeaux and Guillotte, has also held that an employee can de facto choose a treating physician. Moore v. Sanderson Farms, Inc., 95-2042, p. 10 (La.App. 1 Cir. 5/10/96), 674 So.2d 478, 484, writ denied 96-1399 (La.9/13/96), 679 So.2d 106. In that decision the court of appeal overturned the decision of the hearing officer, which had found Moore was deprived of an opportunity to seek treatment from a physician of her choice pursuant to La.Rev. Stat. 23:1121(B). The First Circuit found that even though the physician was chosen *9 by the employer, Moore had de facto chosen him as her treating physician by clearly submitting to treatment and further stating she never had a problem with him. Id. Likewise, in Fenyes v. Highland Park Med. Ctr., 97-0120, p. 4 (La.App. 1 Cir. 2/20/98), 708 So.2d 493, 495, the First Circuit overruled the decision of the hearing officer and found the employee had de facto chosen a treating physician. Even though the English language was not the employee's primary language and she testified that she did what the insurance company told her to do, the court held that she had de facto chosen a treating physician by continuously treating with the physician. Id.
"The [Workers' Compensation] Act was long silent on the matter of the respective rights of employer and employee to select the physician who is to treat the worker." 13 Wex S. Malone & H. Alston Johnson, III, Louisiana Civil Law Treatise, § 287 (4th ed.2002). Before the Legislature addressed this subject, Professors Malone and Johnson adopted the view that the employee should have the right to choose the physician of his choice. At that time, their treatise on this issue stated:
In view of the fact that the success of the treatment may depend upon the patient's confidence in the physician chosen, it is suggested that the primary right of choice should rest with the patient, unless his choice is shown to be unreasonable, or solely for the purpose of tactical advantage at trial. The right of primary choice may be an important one in view of the fact that on trial the opinion of the treating physician is frequently preferred over that of other experts. 13 Wex S. Malone & H. Alston Johnson, III, Louisiana Civil Law Treatise, § 287 (2d ed.1980).
See also Kinsey v. Travelers Ins. Co., Inc., 402 So.2d 226, 228 (La.App. 1 Cir.1981) (citing this passage from Malone & Johnson in an opinion which held the employee is entitled to choose the physician for treatment of his injury). "The trust and confidence needed in a patient-doctor relationship is important to successful treatment which can best be obtained if the injured employee has the choice of a physician for treatment purposes." Kinsey, 402 So.2d at 228.
The history of the legislation on this issue shows that the Legislature added subsection B of La.Rev.Stat. 23:1121 by Acts 1987, No. 492, § 1. Representative Thompson explained that this bill was part of a package that was an attempt to fine-tune the workers' compensation system to address problems that both employer and employee representatives had encountered. Minutes of Meeting, House Committee on Labor and Industrial Relations, June 12, 1987, p. 3. The intent of this law was to provide that the employee shall have the right to select one treating physician in any field or specialty. Testimony before the committee indicated the amendment was needed because the current system allowed the employee to "doctor shop;" this law allows the employee to choose one physician. The same opportunity is given to the employer. Minutes of Meeting, House Committee on Labor and Industrial Relations, June 12, 1987, p. 4 (emphasis ours).
"[T]he amendment[] [adding subsection B] codified the principle that the employee has the right to select one treating physician in each specialty, but required that he obtain the employer's consent to change specialists after that initial choice." Malone, § 287; see also H. Alston Johnson, Workers' Compensation, 48 La. L.Rev. 519 (1987) (emphasis ours). "[T]he 1987 amendment ... was designed to reduce the occurrence of "doctor shopping" by claimants while preserving the employee's *10 right to select the treating physician." Denis Paul Juge, Louisiana Workers' Compensation, § 13:3 (2d ed.1999). "The employee's choice of physician is carefully respected, ... if the employer refers the employee to a physician, it might be difficult to establish that this was the employee's choice." Malone, § 287.
It is firmly established that legislation is a solemn expression of legislative will; therefore, interpretation of a law is primarily the search for the Legislature's intent. See La. Civ Code art. 2; O'Reagan v. Preferred Enterprises, Inc., 98-1602, p. 4 (La.3/17/00), 758 So.2d 124, 128; Cat's Meow, Inc. v. City of New Orleans, 98-0601, p. 15 (La.10/20/98), 720 So.2d 1186, 1198. When a law is clear and unambiguous, and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9; Cat's Meow, 720 So.2d at 1198. The starting point for the interpretation of any statute is the language of the statute itself. Lenard v. Dilley, XXXX-XXXX, p. 4 (La.1/15/02), 805 So.2d 175, 178; Cat's Meow, 720 So.2d at 1198. The words of a law must be given their generally prevailing meaning. La. Civ.Code art. 11. Statutes are to be interpreted in ways effectuating their purpose. Wise v. J.E. Merit Constructors, Inc., 97-0684, p. 8 (La.1/21/98), 707 So.2d 1214, 1218.
The language of La.Rev.Stat. 23:1121(B) is clear on its face. La.Rev. Stat. 23:1121(B) grants the employee "the right to select one treating physician in any field or specialty." Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. La.Rev.Stat. 1:3. Webster's New Universal Unabridged Dictionary defines select as, "to choose in preference to another or others; pick out." The same dictionary states the synonym for select is "choose" and defines choose as, "to select from or in preference to another or other things or persons." We find the well accepted standards of statutory interpretation require that we find the employee has the right to choose his treating physician, even though he or she submitted to treatment by the employer's physician.
We find the statute clear and unambiguous and thus, no need to search for legislative intent. Notwithstanding, a review of the legislative history corroborates our finding. The legislative history shows that the purpose of adding subsection B was to allow the employee to select one treating physician and after that initial choice, employer consent was required if the employee wanted to change treating physicians. It is clear that the legislation addressed the employers' concern of employees "hopping" from one physician to another. In response to this concern, the Legislature enacted subsection B which limits the employee to his choice of one treating physician in a specialty, unless the employer consents to a change in treating physicians.
Interpreting this statute in a way to effectuate its purpose, results in finding that the employee has a right to select one treating physician. The right to select one treating physician is clearly conferred upon the employee, not the employer. Southern Scrap strongly argues that because Smith submitted to treatment by its physician, he made a de facto choice of a physician. It further contends that Smith did not become unhappy with Dr. Nutik's treatment until Dr. Nutik released Smith for sedentary work. Contrary to this argument, the hearing officer found that Smith showed he was dissatisfied with the treatment by Dr. Nutik, and under La. Rev.Stat. 23:1121(B), Smith had a right to choose a physician of his choice.
*11 Significantly, we note the statute does not make the employee's choice of selection of a physician contingent upon the employee's dissatisfaction with the employer's physician. Nor does the statute limit the employee's right of selection of a physician by submitting to treatment by the employer's physician, even for an appreciable amount of time. The statute is clear and mandatory that the "employee shall have the right to select one treating physician...." Southern Scrap's argument does not take into view the injured employees who submit to treatment by the employer's physician because the employee did not know he or she could go to a physician of their choice. In the present case, Smith did not know he had a right to choose a physician until sometime after Dr. Nutik performed surgery on him. Southern Scrap's theory would impose a serious infringement on the employee's statutorily created right under these circumstances. To adopt the employer's argument would be changing a clear and statutorily mandated law which we cannot do. Under these circumstances, the employer's argument is more properly addressed before the Legislature, whose function is to make and amend laws if it so chooses.
Accordingly, we find the Fourth Circuit's holding that La.Rev.Stat. 23:1121(B) gives an injured employee an absolute right to select one physician in any field without the approval of the employer, is correct as a matter of law. If the Legislature had intended for there to be a de facto selection of a physician, it could have so provided.

DECREE
For the above and foregoing reasons, the judgments of the OWC and the court of appeal are affirmed.
AFFIRMED.
CALOGERO, C.J., concurs and assigns reasons.
WEIMER, J., dissents and will assign reasons.
TRAYLOR and VICTORY, JJ., dissents and assigns reasons.
CALOGERO, Chief Justice additionally concurs and assigns reasons.
I agree with the majority decision holding that an injured employee in a workers' compensation case has a right to select a physician, as allowed by La.Rev.Stat. 23:1121(B).
This is a difficult case because the method by which an employee chooses a physician is not as clear as it might be. Nevertheless, the Legislature has stated that the "employee shall have the right to select one treating physician in any field or specialty." La.Rev.Stat. 23:1121(B). Because the majority decision is consistent with that provision, I cannot disagree.
On the other hand, if the Legislature would have this law be more sensitive to situations where the employee has made a near de facto selection of a physician by voluntarily continuing treatment or allowing the physician to perform surgery, then it might consider more specifically addressing those situations. However, I read the language of the existing statute to entitle an employee to choose a physician even after allowing considerable treatment by a physician to whom he was referred by the employer, or, whose treatment resulted from a series of circumstances beginning with the employer's choosing the facility that would provide initial treatment to the injured employee.
VICTORY, J., dissenting.
Although I am in agreement with many of views expressed in Justice Traylor's dissent, *12 I write separately in order to express a few additional thoughts.
The majority opinion emasculates the statute that was passed in order to prevent claimants from "doctor shopping" and to allow the claimant to choose only one physician in a speciality. Unfortunately, neither the legislature nor the majority tells us how that choice is to be made. Yet, one does not choose only by saying "I choose," but may also choose by his or her actions.
The facts in this case are clear. Dr. Nutik was not chosen by the employer, but by the claimant. He chose Dr. Nutik by going to him for evaluation and treatment, not at the suggestion of the employer, but at the suggestion of an independent physician who saw him at the hospital closest to where his injury took place. He chose to accept that doctor's suggestion, chose to be examined and treated on numerous occasions over several months by Dr. Nutik, and chose to have Dr. Nutik perform consensual surgery on him.
Finally, the majority's implication that the claimant's choice is somehow abrogated because he claims he did not know his rights is clearly covered by Article 5 of our Civil Code: "No one may avail himself of ignorance of the law."
TRAYLOR, J., dissenting.
I dissent from the majority because I would find that the instant claimant unequivocally selected Dr. Nutik as his treating physician.
First, as required under La. Civ. Code art. 9, "when the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written" and no further interpretation of "legislative intent" is necessary. The majority recognizes that the wording of Section 1121(B) is clear on its face. Therefore, the majority's discussion of the legislative intent and reliance on treatise commentary on this subject is dicta and does not aid this court in determining the issue before it. Op. pp. 9-10.
Next, while I agree with the majority's pronouncement that an employee has a right to choose his treating physician, I do not agree that he was ever required to submit to treatment by the employer's physician. During oral argument, the claimant was not able to show that there was any real link between Dr. Nutik and the employer. The employer did not refer claimant to Dr. Nutik. Claimant was referred to Chalmette Medical Center after his injury. As circumstance would have it, he was attended to by Dr. Friedrichsen three days after his injury, who then referred claimant to Dr. Nutik. Claimant acquiesced all the while, treated with Dr. Nutik, never complained to his employer about Dr. Nutik or asked that he choose his own physician, agreed to undergo surgery at the hands of Dr. Nutik, then complained after almost six months of treatment with Dr. Nutik, and then only when he was released to return to work. We do not have a case before us where the claimant had no choice but to treat with his employer's physician because he was denied his own choice at the outset. The instant case is distinguishable from such cases. See Santacruze v. INA Ins. Co., 614 So.2d 323 (La.App. 4 Cir.1993); Skelton v. Hunt Forest Products, 01-0158 (La. App. 3 Cir. 6/6/01), 787 So.2d 1216.
Furthermore, there is no requirement in the Statute that a choice of physician form be completed before a claimant can be deemed to have selected his treating physician. In my view, there is no clearer manner of selection than when a claimant acts as the instant one has: in allowing and acquiescing to continued treatment with a physician and choosing to undergo surgery with this physician, all the while *13 making no requests to the employer to select a treating physician. The Fourth Circuit, the very court relied upon by the majority in this case, has recognized that this course of conduct qualifies as a claimant's selection of a treating physician under La.Rev.Stat. 23:1121(B). Dabney v. Boh Brothers Construction Company, 97-1041 (La.App. 4 Cir. 3/11/98), 710 So.2d 1106.
For the above reasons, I would find that the claimant had chosen this physician as a result of his actions and denied the claimant's request to change physicians.
WEIMER, J., dissenting.
I respectfully dissent. I agree with most of what Justice Knoll states in her well-reasoned opinion. I believe an employee has an absolute right to select a physician of his choice and agree with the statement in the opinion:
"The trust and confidence needed in a patient-doctor relationship is important to successful treatment which can best be obtained if the injured employee has the choice of a physician for treatment purposes." Kinsey [v. Travelers Ins. Co., Inc.], 402 So.2d [226] at 228 (La. App. 1 Cir. 1981)].
The only point upon which we disagree is that I believe the statute is silent as to how the selection is made. Although the statute is clear as to the fact that the employee has an absolute right to choose a physician, there is no indication regarding how that selection is made. I would not use the term de facto selection because if the employee continues to treat with a certain physician, a selection has in fact been made.
I suggest the following non-exclusive factors are relevant:
a) Was the employee informed he or she had a choice?[1]
b) What is the relationship between the doctor and the employer?
c) What is the length of treatment?
d) What is the nature of the treatment and did the physician perform surgery?
e) Is the change being made solely for the purpose of achieving a tactical advantage at the hearing?
Clearly, the statute was enacted to prohibit the practice of doctor-shopping. The following hypothetical illustrates a problem. An employee is referred to a doctor and treats with that doctor for two years. He likes the doctor so much he recommends the doctor to his family and friends. The doctor performs surgery with excellent results. The doctor tells the employee he is healed. The employee decides he wants another opinion for tactical purposes at a hearing and claims a right to make a selection. Should the employee be allowed to then select another physician?
NOTES
[1] Compare Guillotte v. Dynamic Offshore Contractors, 628 So.2d 234 (La.App. 3 Cir.1993); Comeaux v. Sam Broussard Trucking, 94-1631 (La.App. 3 Cir. 5/31/95), 657 So.2d 449; Moore v. Sanderson Farms, Inc., 95-2042 (La. App. 1 Cir. 5/10/96), 674 So.2d 478, writ denied, 96-1399 (La.9/13/96), 679 So.2d 106; and Fenyes v. Highland Park Med. Ctr., 97-0120 (La.App. 1 Cir. 2/20/98), 708 So.2d 493 to Smith v. Southern Holding, Inc., XXXX-XXXX (La.App. 4 Cir. 3/27/02), 814 So.2d 656 and Santacruze v. INA Ins. Co., 614 So.2d 323 (La.App. 4 Cir.1993).
[2] The opinion states that "[t]he employer relies upon cases from the Second and Third Circuits...." This is an error, as immediately following this sentence the opinion cites cases from the First and Third Circuits, and there are no cases from the Second Circuit addressing de facto selection of a physician pursuant to La.Rev.Stat. 23:1121(B).
[1] "The employee's choice of physician is carefully respected, 327 if the employer refers the employee to a physician, it might be difficult to establish that this was the employee's choice." 13 WEX. S. MALONE & H. ALSTON JOHNSON, III, LOUISIANA CIVIL LAW TREATISE: WORKERS' COMPENSATION LAW AND PRACTICE § 287 (2d ed. 1980).