858 So.2d 519 (2003)
Carl J. CHAUVIN
v.
SOUTHERN TECHNOLOGY & SERVICES, INC.
No. 2002 CA 1871.
Court of Appeal of Louisiana, First Circuit.
June 27, 2003.
*520 Carl J. Chauvin, Houma, Pro SePlaintiff/Appellant.
Candy Fodor Be, Baton Rouge, Counsel for Defendant/Appellee Southern Technology & Services, Inc.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
FITZSIMMONS, J.
Carl J. Chauvin (Chauvin) asserts a pro se appeal from an adverse judgment of the Office of Workers' Compensation. Following our review of the record and the applicable law, this court reverses and remands.

BACKGROUND
Chauvin, who was employed as a fabricator/welder by Southern Technology & Services, Inc. (Southern), injured his back while lifting a one hundred twenty pound cylinder. He filed a disputed claim for compensation, in which he alleged that Southern was arbitrary and capricious in its refusal to authorize medical treatment by a physician of Chauvin's choice. Thereafter, Southern expanded the scope of issues to encompass the question of causation of disability.[1]
After a hearing on March 15, 2002, the workers' compensation judge held that Chauvin had: de facto chosen an orthopedic specialist, and he was not entitled to another choice of physician in the field of orthopedics; failed to prove that his disability was caused by the accident under review; failed to prove that his disability was the result of a work-related injury; and violated La. R.S. 23:1208, thereby forfeiting any right to workers' compensation benefits. Chauvin's workers' compensation claim was dismissed with prejudice. He appeals the holdings of the workers' compensation judge.[2]

CHOICE OF TREATING PHYSICIAN
Louisiana Revised Statute 23:1121 B provides:
The employee shall have the right to select one treating physician in any field or specialty. The employee shall have a right to the type of summary proceeding provided for in R.S. 23:1124B, when denied his right to an initial physician of choice. After his initial choice the employee shall obtain prior consent from the employer or his workers' compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.
In reasons for judgment, the workers' compensation judge noted that from June 28, 2000 until the March 2002 trial date, Chauvin treated at least once a month with *521 Dr. Christopher E. Cenac, an orthopedic surgeon. On April 19, 2001, after Dr. Cenac had advised Chauvin that he was going to reduce his pain medication, his wife, Sandy K. Chauvin, advised the insurer that the claimant wished to see another doctor. The workers' compensation judge determined that Chauvin's request to be treated by another physician, following approximately nine months of treatment by Dr. Cenac, emanated from the treating physician's admonitions about drug use.
Chauvin claims that from June 2000 through September 2001, he and his wife repeatedly requested from the Office of Workers' Compensation that Chauvin be placed with another treating physician. Mrs. Chauvin testified that she initially notified the office of the Louisiana Workers' Compensation Corporation (LWCC) during the last week of June 2000 of her husband's and her concerns about Dr. Cenac as the treating orthopedic surgeon. She said she was advised that the choice of physician would be authorized. However, it was simultaneously recommended that Chauvin undergo a scheduled epidural steroid injection with Dr. Cenac, and he could later select another treating physician. Mrs. Chauvin stated that she also advised the workers' compensation case representative, Rosa Edwards, of her concerns about Dr. Cenac as the treating physician between June 9, 2000 and August 30, 2000 (when Ms. Edwards was replaced by Kellye Winston). Additionally, Mrs. Chauvin stated that Jonelle West and Andrea Cothern, registered nurses assigned by LWCC to Chauvin's case, were informed of the Chauvins' desire to have a physician other than Dr. Cenac as Chauvin's orthopedist.
Lisa Robbins, the claims representative for LWCC at the time of the hearing, testified that the office records reflected that Chauvin was advised on June 14, 2000 of his right to choose treating physician in any field or specialty. She acknowledged that on June 30, 2000, Mrs. Chauvin stated that she and Chauvin were not pleased with Dr. Cenac and requested Dr. Alexis Waguespak.[3] Ms. Robbins stated that after the June 30, 2000 communication, no written notations were made to her office records relative to any further requests for a change of physician until April 2001. At that time, Mrs. Chauvin called to ask if Chauvin could exercise his choice of physician. The claims representative determined that the on-going treatment by Dr. Cenac for a period of approximately nine months had established Dr. Cenac as Chauvin's choice of physician.
The Louisiana First and Third Circuit Courts of Appeal have historically recognized de facto selection of a physician pursuant to La. R.S. 23:1121 B. Moore v. Sanderson Farms, Inc., 95-2042 (La.App. 1 Cir. 5/10/96), 674 So.2d 478, writ denied, 96-1399 (La.9/13/96), 679 So.2d 106; Guillotte v. Dynamic Offshore Contractors, 628 So.2d 234 (La.App. 3rd Cir.1993). In contrast, the Louisiana Fourth Circuit Court of Appeal has not embraced the concept of de facto choice of physician. Santacruze v. INA Insurance Company, 614 So.2d 323 (La.App. 4th Cir.1993). Most recently, in Smith v. Southern Holding, Inc., XXXX-XXXX (La.1/28/03), 839 So.2d 5, the Louisiana Supreme Court resolved the disparate appellate interpretations of La. R.S. 23:1121 B by holding that an employee possesses "the right to choose his treating physician, even though he or she submitted to treatment by the employer's physician." Smith, XXXX-XXXX at p. 8, 839 So.2d at 10. The court specifically noted that *522 La. R.S. 23:1121 B places no limit on the employee's right of selection of a physician "by submitting to treatment by the employer's physician, even for an appreciable amount of time. The statute is clear and mandatory that the `employee shall have the right to select one treating physician...."' Smith, XXXX-XXXX at p. 9, 839 So.2d at 11.
Given the judicial pronouncement by the supreme court in Smith, the attribution of the concept of a de facto selection of a physician by Chauvin is no longer applicable. Chauvin is entitled to the selection of a treating physician other than Dr. Cenac, who was chosen by Southern. Accordingly, the decision of the workers' compensation judge that Chauvin had de facto selected an orthopedic surgeon is reversed.

VIOLATION OF LA. R.S. 23:1208
The workers' compensation judge found that Chauvin misrepresented his treatment with Dr. Cenac by his purported requests to see another doctor and by Chauvin's omission of prior treatment by Dr. Stuart I. Phillips, an orthopedist, in 1996. He deemed Chauvin divested of his right to workers' compensation benefits pursuant to La. R.S. 23:1208.
Louisiana Revised Statute 23:1208 deals with misrepresentations concerning benefit payments. Section A states in pertinent part: "It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation." The legislative intent behind La. R.S. 23:1208 was to prevent and discourage fraud. LeBlanc v. Grand Isle Shipyard, Inc., 95-2452, p. 12 (La.App. 1 Cir. 6/28/96), 676 So.2d 1157, 1165 (quoting Resweber v. Haroil Construction Company, 94-2708, p. 7 (La.9/5/95), 660 So.2d 7, 12). Applicability of the statute pertains to any false statement or misrepresentation, including one involving a prior injury, made willfully by a claimant for the purpose of obtaining benefits. Resweber, 94-2708, at p. 10, 660 So.2d at 14.
A conclusion that a claimant has forfeited his right to workers' compensation benefits is a question of fact that will not be disturbed on appeal absent a clearly wrong or manifestly erroneous finding. Stobart v. State, Department of Developments and Transportation, 617 So.2d 880, 882 (La.1993). Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court might feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Our Lady of the Lake Regional Medical Center v. Helms, 98-1931, p. 4 (La.App. 1 Cir. 9/24/99), 754 So.2d 1049, 1051, writ denied, XXXX-XXXX (La.1/7/00), 752 So.2d 863. Applying these legal precepts to our review of the record as a whole, this court fails to glean sufficient evidence that application of La. R.S. 23:1208 was warranted by the failure of Chauvin to note three previous visits to Dr. Phillips in 1996 and by his asseveration that he had repeatedly requested another treating physician.
Mrs. Chauvin asserted that she called LWCC at least one hundred times between June 2000 and April 2001 to discuss several issues, some of which included a request for Chauvin to see another doctor. The judge noted in reasons that only six calls from the Chauvins' telephone number were reflected in the insurer's Worldcom bill between June 26, 2000 and April 2001. However, it was not substantiated that the record before us contained complete data relative to telephone calls. There existed two additional telephone numbers the *523 claimants might have conceivably used to contact LWCC, particularly given the fact that Mrs. Chauvin indicated that one of the numbers was a toll-free listing. It is also duly noted that Mrs. Chauvin, not Chauvin, the claimant, made the reference to one hundred telephone calls. At the September 2001 limited hearing, Chauvin testified that "since June of 2000 through the present, [he and his] wife ... repeatedly asked to see another doctor other than Dr. Cenac [.]" Thereafter, at the trial on all issues on March 15, 2002, Chauvin stated that he called the workers' compensation office seventeen times in seven weeks between June 2000 and April 2001. Finally, Lisa Robbins, the claims adjustor who testified at the hearings, was not the person who handled the files for the relevant period of June 2000 through April 2001. Moreover, Ms. Robbins stated that it was possible that calls had been received by another person and not noted in the files.
Chauvin admitted at trial that, in his previous deposition, he had overlooked the fact that he had been treated by Dr. Phillips in 1996 and that he "just booboo'd." Inadvertent or inconsequential false statements will not result in forfeiture. Resweber, 94-2708, p. 16, 660 So.2d at 16. The records submitted at trial reflect three office visit treatments with Dr. Phillips years earlier between January 25, 1996 and July 25 1996. Dr. Phillips' notes indicate that he discharged Chauvin on the third visit, with the suggestion that he participate in a drug detoxification program. At the hearing, Chauvin denied receiving any communication from Dr. Phillips that drug detoxification was recommended.
It is noted that the purpose of the purported statements or representations in contention was to obtain a physician of choice. While one might infer that the underlying ultimate goal of the disputed testimony was to "obtain benefit or payment [,]" this is not the delineated claim by Chauvin in his action to elect a physician of choice. Thus, the misrepresentations on which the workers' compensation judge based a section 23:1208 violation were aimed at obtaining a physician of choice, and only indirectly and inferentially associated with a claim for benefits.
We find clear error in the judge's attribution of a La. R.S. 23:1208 violation. Chauvin's failure to indicate that he had been previously treated on three occasions by Dr. Phillips and his lack of acknowledgement of receipt of a discharge letter by Dr. Phillips fail to rise to the level of "willfully [making] a false statement or representation" that was "for the purpose of obtaining ... any benefit". The evidence surrounding the purported telephone communications was unclear and, therefore, fails to warrant the penalty of a finding of fraud. Accordingly, that portion of the judgment is reversed.

CONCLUSION
The judgment of the Office of Workers' Compensation that Chauvin had de facto selected an orthopedic specialist is reversed. Moreover, the judge's finding that Chauvin misrepresented his claims in violation of La. R.S. 23:1208 is reversed. The issue of causation is deferred pending this court's remand to the Office of Workers' Compensation for further action not inconsistent with this judgment. Costs associated with this appeal are assessed to Southern Technology & Services, Inc.
REVERSED AND REMANDED.
NOTES
[1] In the answer to the disputed claim, Southern denied that Chauvin had "any present work-related disability." Thereafter, on December 11, 2001, the hearing was continued because Chauvin needed additional time to expand the scope of the trial to address Southern's request to include causation of disability as a contested issue.
[2] The workers' compensation judge also denied a motion in limine by Chauvin seeking to limit the use of Dr. Christopher Cenac's deposition. Chauvin does not address that issue in his appeal.
[3] Our review of the LWCC notes indicates that the afore-noted conversation regarding changing physicians actually occurred on July 5, 2000.