# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 08-1324

ROBIN WILLIAMS

VERSUS

DR. ROBERT MORROW

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT #2
PARISH OF RAPIDES, NO. 05-03928
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

**REVERSED AND RENDERED.**

George Arthur Flournoy
Flournoy & Doggett
P. O. Box 1270
Alexandria, LA 71309-1270
(318) 487-9858
Counsel for Plaintiff/Appellant:
    Robin Williams

James S. Gates
Stephen M. Morrow
Morrow, Gates & Morrow, L.L.C.
P. O.  Drawer 219
Opelousas, LA 70571-0219
(337) 942-6529
Counsel for Defendant/Appellee:
    Dr. Robert Morrow

**DECUIR, Judge.**

In this workers' compensation action, the claimant, Robin Williams, appeals the denial of her claim for reimbursement of certain overpayments made to Dr. Robert Morrow, her treating orthopedic surgeon. For the following reasons, we reverse.

Williams sustained a work-related injury in May of 2003. Her employer paid for initial medical care, but by November, Williams wanted to see a specialist. Her attorney's office scheduled an appointment with Dr. Morrow. Preferring not to wait for the workers' compensation carrier to approve the visit, the attorney sent the required $500.00 pre-payment. Williams' attorney also prepaid for the follow up visit by sending a check for $635.00. Shortly thereafter, the compensation carrier began paying Dr. Morrow's bills in accordance with the fee schedule contained at La.R.S. 23:1034.2. All further charges were paid directly by the carrier, and the charges for the first two visits were also paid to Dr. Morrow in the amount of $457.92 as per the fee schedule. When the workers' compensation case was settled, Williams was charged by her attorney's office for the two payments to Dr. Morrow.

Williams' attorney, on her behalf, later requested repayment from Dr. Morrow, as he had been paid twice for the first two visits. Mr. Andy Storer, the compensation adjustor handling Williams' file, also wrote to Dr. Morrow requesting that Williams' prepayments be reimbursed to her. Storer similarly testified at trial. Dr. Morrow contends that Williams' case began as an attorney referral case, and his office was never instructed to change the status of the file. Therefore, he reviewed medical records and prepared a thorough narrative report as he would for any attorney referral case. In oral reasons, the workers' compensation judge indicated that the extra work involved in reviewing records and rendering a report warranted the extra payment

from Williams, over and above what was paid by the compensation carrier in accordance with the fee schedule.

The evidence in the record shows that on November 18, 2003, Williams' attorney's office called Dr. Morrow's office to schedule an appointment. The call was documented by Dr. Morrow's office as follows: "Mr. Flournoy's office was told w/c would need to call to authorize appointment prior to patient being seen or appt. would be rescheduled. Kathy called back and said Mr. Flournoy did not want to wait on comp and that he would pay." From the notations on the intake form, it is clear that the doctor's office was informed the visit was for a work-related injury. The form contains the following notation: "Office called back did not want to wait on W/C to approve - he will pay." When Williams recounted the history of her injury at her first appointment on December 2, 2003, she gave the details of her arm becoming stuck between two rollers at the Boise Cascade plywood plant where she worked. Six weeks later, Dr. Morrow received his first check from the workers' compensation carrier.

The Workers' Compensation Act does not require employer approval for the injured employee to see her choice of physician. Specifically, La.R.S. 23:1121 grants to the employee an absolute right to select one physician in any field without the approval of the employer. *Smith v. Southern Holding Inc.*, 02-1071 (La. 1/28/03), 839 So.2d 5. The Act, however, is silent on a physician's right to seek employer approval for the payment of medical expenses.

The physician's interest in securing payment is certainly legitimate. Nevertheless, we must harmonize the physician's interest with the claimant's interest in obtaining prompt medical care. In this particular case, the claimant felt the need

2

to see a specialist before the employer had accepted responsibility for her injury. It is possible that the claimant was afraid the approval process would be lengthy or bureaucratically burdensome. Perhaps the approaching holidays were a concern. Whatever the reason, the attorney guaranteed payment, the doctor knew he was seeing a workers' compensation claimant, and within six weeks, compensation payments to the doctor began.

Given these circumstances, we find error in the refusal to award reimbursement to Williams. Therefore, Dr. Morrow is ordered to reimburse the prepaid costs of Williams' first two appointments, which total $1,135.00. Thereafter, any unreimbursed costs associated with Williams' treatment should be addressed by Dr. Morrow with the compensation carrier.

The judgment of the Office of Workers Compensation is reversed. Judgment is hereby rendered in favor of Robin Williams in the amount of $1,135.00. Costs of this appeal are assessed to Dr. Robert Morrow.

**REVERSED AND RENDERED.**