AMY, J.,
concurring in part and dissenting in part.
|,I respectfully dissent from that portion of the majority opinion affirming the worker’s compensation judge’s determination that the claimant “is entitled to a second choice of orthopedic doctor[.]” Louisiana Revised Statutes 23:1121(B)(1), provides a claimant with the right to “select one treating physician in any field or specialty.” After this initial choice, prior consent from the employer must be obtained before the employee may change treating physicians within the same field or specialty. Id.
It is unquestioned that the claimant’s choice of orthopedist is Dr. Alan Hinton. In reasons for ruling, the workers’ compensation judge determined that the claimant’s request to see another orthopedist was a “reasonable one and should be authorized by the employer/carrier.” However, the reasonableness of the claimant’s request for a second choice of physician within a particular field is not the inquiry of the statutory scheme. Rather, La.R.S. 23:1121(B)(1) gives the claimant the right to choose only one physician in given field or specialty. This is true even in instances where a claimant’s choice of physician has released him or her to return to work. See, e.g., Cheatham v. Luberski, Inc., 43,-603 (La.App. 2 Cir. 9/17/08), 996 So.2d 373; Wiley v. Kenneth Parker Logging, 97-1247 (La.App. 3 Cir. 3/6/98), 711 So.2d 297. The statute’s limitation to one choice of physician is in place to prevent a claimant from |2physician shopping or hopping from one physician to another. See Smith v. Southern Holding, Inc., 02-1071 (La.1/28/03), 839 So.2d 5.
It is only when an employer’s denial of a request to change physicians is not reasonably controverted that the workers’ compensation statutes provide further guidance on the issue and, in that instance, the focus is on the reasonableness of the employer’s denial of the claimant’s request. See La.R.S. 23:1201(F) (mandating the assessment of penalties and attorney fees for “failure to consent to the employee’s request to select a treating physician or change physicians when such consent is required by R.S. 23:1121” unless the claim is reasonably controverted). This case did not inquire into whether the employer’s denial was reasonably controverted, i.e., entitlement to penalties and attorney fees for the denial of the second choice of physician. Instead, it required the workers’ compensation judge to determine whether the claimant was entitled to her second choice of orthopedist absent her employer’s approval. Under the facts of this case, I find no legal mechanism by which the workers’ compensation judge approved the claimant’s request.
Accordingly, I would reverse the workers’ compensation judge’s granting of the claimant’s request for a second choice of orthopedist. Like the majority, however, I find that the record supports the workers’ compensation judge’s award of the spinal cord stimulator as well as the associated penalties and attorney fees. I also join in the majority’s award of additional attorney fees for work performed on appeal.