ROBERT E. CARMOUCHE

VERSUS

KRAFT FOODS, INC.

**********

APPEAL FROM THE
OFFICE OF WORKER'S COMPENSATION, DISTRICT 4
NO. 08-21943
HONORABLE SHARON MORROW, JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, Marc T. Amy, J. David Painter, and Shannon J. Gremillion, Judges.

Painter, J., dissents and assigns written reasons.

Saunders, J., dissents for reasons assigned by Judge Painter.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

Kevin A. Marks
Jennifer L. Cooper
701 Poydras Street, Suite 4040
New Orleans, LA  70139
Counsel for Defendant/Appellant:
    Kraft Foods, Inc.

Robert Morlas Schoenfeld
Stephen Michael Schoenfeld
Morlas Voorhies Schoenfeld
810 Union Street
New Orleans, LA  70112
Counsel for Plaintiff/Appellee:
    Robert J. Carmouche

**GREMILLION, Judge**.

Defendant, Kraft Foods, Inc. (Kraft), appeals the judgment of the Worker's Compensation Judge (WCJ) finding that it was not entitled to change its choice of vocational counselor. Kraft further appeals the judgment finding that Kraft was not entitled to reduce the benefits of plaintiff, Robert E. Carmouche, because substantial pain prevented him from working at the job Kraft's vocational rehabilitation counselor found for him. For the following reasons, we affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

It is undisputed that Carmouche was injured while in the course and scope of his employment as a truck driver for Kraft. Kraft sent Carmouche to Dr. John Stafford who referred him to Dr. Thomas Bertuccini. Dr. Bertuccini performed a laminectomy with decompression of the nerve root and excision of the L5-S1 intervertebral disc in June 2006. Carmouche was treated by Dr. Ted Gillespie, a pain management specialist, from October 2006 through the end of 2008. Carmouche was released to sedentary or light duty work in 2007.

Carmouche received vocational rehabilitation counseling from Jamie Primeaux, a licenced vocational rehabilitation counselor and employee of Coventry Health Care. In August 2007,Catalyst RTW located a job for Carmouche as a home-based telephone solicitor for All Facilities, Inc., that was to have paid $9.00 per hour and was a 40-hour-per-week position. Carmouche tried the job for three days, then quit. His testimony was that given the pain, his medicated state, and the antagonism of the targets of his phone calls, the job was too stressful. At that point, Kraft terminated

1

vocational rehabilitation and reduced Carmouche's benefits to Supplemental Earnings Benefits (SEBs) of $271.72 per week.

In October 2008, Carmouche filed a disputed claim for compensation. He continued treatment with Dr. Gillespie. At the end of 2008, Dr. Gillespie opined that Carmouche would need scar injection four to six times a year for the duration of his lifetime.

On May 1, 2009, a hearing was held on Kraft's request for a second medical opinion and its motion to compel vocational rehabilitation with a different counselor than previously chosen. The WCJ denied both the request for a second medical opinion and the motion to compel vocational rehabilitation. The WCJ further ordered an independent medical examination with a physician named by the OWC.

In July 2009, Carmouche underwent the ordered independent medical examination with Dr. Steve Rees. Dr. Rees opined that while Carmouche was at maximum medical improvement physically, he was not at maximum improvement for pain control. He also stated that further interventions would be required for Carmouche to reach maximum medical improvement with regard to pain. He further found that because Carmouche was depressed, any return to work needed to be in a low-stress environment.

The matter was tried in October 2009. The WCJ found in favor of Carmouche and ordered Kraft to pay full temporary total disability (TTD) benefits back to the date of termination but refused to award penalties and attorney's fees. Kraft appeals.

ANALYSIS

*Change of Vocational Rehabilitation Counselor*

Kraft first asserts that the WCJ erred by finding that it could not change its choice of vocational rehabilitation counselor. The court disallowed a change of vocational rehabilitation counselor, explaining that:

> And the reason for that is similar to the choice of physician statute. Just as you [sic] no one likes doctor shopping, nobody likes rehab shopping. And if you don't like what the first rehab counselor says, you can't just change and go to somebody else. [sic] So it has been my practice to require a showing of good cause before I will allow a change of selection.

The WCJ found that the employer did not make a showing of good cause for a change of vocational rehabilitation counselor and denied the motion.

The employment of the services of a vocational rehabilitation counselor, La. R.S. 23:1226 (3)(a), provides that:

> The employer shall be responsible for the selection of a licensed professional vocational rehabilitation counselor to evaluate and assist the employee in his job placement or vocational training. Should the employer refuse to provide these services, or a dispute arises concerning the work of the vocational counselor, the employee may file a claim with the office to review the need for such services or the quality of services being provided. The procedure for hearing such claims shall be expedited as provided in R.S. 23:1124.

We find no statute or jurisprudence that supports the conclusion that the employer may change its choice of a vocational rehabilitation counselor at will, and Kraft cites none. The statute makes the employer responsible for the choice of "**a** licensed profession vocational rehabilitation counselor." (Emphasis added.) We find that the WCJ's interpretation of this statute is both reasonable and correct. In order to change its choice of vocational rehabilitation counselor, the employer must show good cause. Therefore, the judgment of the WCJ in this regard is affirmed.

3

*Benefits Due*

The analysis of this issue is difficult because Carmouche argues that he is entitled to TTD benefits based upon application of the substantial pain doctrine. Kraft argues that Carmouche is not entitled to TTD benefits because he did not prove application of the substantial pain doctrine by clear and convincing evidence, in that he failed to present objective medical evidence. The WCJ awarded TTD benefits based on Carmouche presenting clear and convincing evidence of his inability to work based upon substantial pain.

The WCJ discussed the medical testimony with regard to Carmouche's ability to return to work, as follows (emphasis added):

> However, in considering the testimony of Mr. Carmouche and the IME report of Dr. Rees, Dr. Rees does state that Mr. Carmouche is capable of returning to work from a *physical* standpoint. He does not make that same assessment with respect to a *pain* standpoint. In Dr. Rees's opinion, Mr. Carmouche needs additional work before he has reached maximum medical improvement from a pain standpoint. But, in considering Dr. Rees's report where he speaks to keeping Mr. Carmouche in a stress-free environment or as stress free as possible and combining that with Mr. Carmouche's testimony of how he found the job to be stressful, and at this point, I do want to comment.

> Mr. Schoenfeld makes some mention of a stress-free job, and I was going to say Mr. Schoenfeld, if you ever find one of those would you please let me know about it. I think any job is stressful, work is stressful even when you are doing something you love. I don't think it is possible to find a completely stress free environment.

> However, because of the unfamiliar nature of the work, and I'm sure even in his work with Kraft, Mr. Carmouche had to work with difficult clients. But given that it was a totally unfamiliar employment environment, considering the fact that he was in pain, I do make the finding combined with the medical evidence and particularly the comments of Dr. Rees, that he was in substantial pain which prevented him from performing this job.

> That provision does require a clear and convincing burden of proof. I do find that the evidence is clear and convincing that Mr. Carmouche was *in too much pain to perform that job* in a less stressful

4

manner and in a fashion that would allow him to work a forty-hour-work week regardless of the flexibility of the hours. [Emphasis ours].

All these arguments miss the mark. Louisiana Revised Statute 23:1221(3)(c)(ii) makes it clear that the substantial pain doctrine is limited to cases involving an award of supplemental earnings benefits. An award of TTD benefits can only be predicated upon a finding that the employee is physically unable to perform any employment, including employment while working in any pain. La.R.S. 23:1221(1)(c). *See Comeaux v. Sam Broussard Trucking*, 94-1631 (La. App. 3 Cir. 5/31/95), 657 So.2d 449, *reversed on other grounds*, *Smith v. Southern Holdings, Inc.*, 02-1071 (La. 1/28/03), 839 So.2d 5. The substantial pain doctrine has no application when considering an award of TTD benefits.

Every physician has maintained that Carmouche is physically able to return to employment, including Dr. Rees. He is not entitled to TTD benefits. However, Carmouche maintains that he is prevented from working because of pain. Dr. Rees supports Carmouche in this contention.

No one maintains that Carmouche is entitled to anything less than SEBs. Indeed, the parties stipulated that the only dispute before the WCJ was whether Kraft was entitled to reduce Carmouche's benefits to SEBs. However, Kraft's argument that Carmouche failed to carry his burden of proof implies that Carmouche is entitled to no benefits whatsoever. Yet Kraft provoked the controversy not by terminating Carmouche's benefits, but by reducing them to SEBs. Carmouche sought and the WCJ awarded TTD benefits on the basis of the substantial pain doctrine, which does not apply when considering an award of TTD benefits.

An employee is entitled to SEBs when he is unable to earn 90 percent or more of his wages at the time of injury. La.R.S. 23:1221(3)(a). SEBs entitle the employee

5

to 66 2/3 percent of the difference between his average monthly wages at the time of injury and his average monthly wages earned or capable of being earned. *Id.* There was no dispute at trial that Carmouche's average weekly wage before the accident was $767.58. To calculate his average monthly wage, we multiply his wage by 52, then divide by twelve. That results in an average monthly wage of $3,326.18 pre-accident. Carmouche would have earned $360.00 weekly while working for All Facilities. That results in an average monthly wage of $1,560.00. The difference between his pre-accident average monthly wage and his average monthly wage with All Facilities is $1,766.18. Sixty-six and two-thirds of that equals $1,177.44 per month.

"Payments of compensation . . . shall be paid as near as may be possible, at the same time and place as wages were payable to the employee before the accident." La.R.S. 23:1201(A). Despite the fact that SEBs are calculated by determining the employee's average monthly wages, if an employee is paid weekly, his SEBs are to be paid weekly. In *Payne v. Country Pride Foods, Ltd.*, 525 So.2d 106 (La.App. 3 Cir. 1988), we affirmed the appellant's calculation of weekly SEBs based upon reversing the formula applied in determining his average monthly wages. To calculate the weekly rate of SEBs under the *Payne* formula, one would then multiply $1,177.44 (66 2/3 of the difference between his pre-accident wages and the pay he would have received from All Facilities) by twelve, yielding yearly benefits of $14,129.28, then divide by 52 weeks, for a weekly benefit of $271.72. Carmouche is thus entitled to $271.72 per week in SEBs.

6

**CONCLUSION**

For these reasons, the judgment of the WCJ is affirmed on the issue of a second vocational rehabilitation counselor, but reversed on the issue of Carmouche's entitlement to TTD benefits. It is ordered that defendant/appellant, Kraft Foods, Inc., pay supplemental benefits in the amount of $271.72 per week to plaintiff/appellee, Robert Carmouche. Costs of this appeal are assessed to the plaintiff/appellee, Robert Carmouche.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
10-401

ROBERT E. CARMOUCHE
VERSUS
KRAFT FOODS, INC.

PAINTER, J., dissenting.

The sole issue on which I disagree with the majority is with regard to the calculation of SEB.

After reviewing the record, it appears that the WCJ correctly summarized the medical evidence. Accordingly, I agree with the WCJ that Carmouche proved that he could not do the job found for him due to substantial pain.

While pain may prevent a claimant from maintaining any gainful employment and thus entitle him or her to temporary total disability benefits, neither the medical evidence nor Carmouche's testimony established that Carmouche is unable to do any work. A claimant seeking TTD must not only establish a work related disability, but also establish by clear and convincing evidence, unaided by any presumption of disability that he is physically unable to engage in any employment. La. R.S. 23:1221(1)(c). Therefore, I agree with the majority that the WCJ erred in finding that Carmouche is entitled to TTD and that Kraft was entitled to change its payment to the payment of supplemental earnings benefits under La.R.S. 23:1221(3). However, the evidence of record is insufficient to establish that Kraft's SEB payments were made in the correct amount. The burden was on Kraft to establish Carmouche's earning capacity, by proving by a preponderance of the evidence, that he was physically able to perform a certain job, and that the job was offered to the employee in his or the employer's community or reasonable geographic region. *Connor v. Family Dollar Store*, 09-1537 (La.App. 1 Cir. 3/26/10), 36 So.3d 339.

The only job found for Carmouche was one which he showed that he could not perform due to pain and anxiety. Carmouche worked for fourteen or fifteen years as a mechanic and at least 10 years as a truck driver, never dealing with antagonistic people or complaints on the phone. The stress level of a job for which he had no background was too great. The evidence supports the conclusion that pain and medication aggravated his stress to the point that he was physically incapable of doing the job.

Where the majority has missed the mark is in its failure to understand that Carmouche is not *physically* capable of doing the job found for him because of the combined pain, medication, and stress. Therefore, Kraft failed to prove Carmouche's earning capacity by a preponderance of the evidence because they did not find him a job that he was physically able to do.

Accordingly, the SEB paid to Carmouche was incorrect in amount, and based on the record before this court, SEB should be calculated on a zero earned wages until Kraft can find an appropriate job for Carmouche.

As a result, I respectfully dissent from the majority herein.