KLEES, Judge.
On July 4, 1978, the plaintiff and the defendant and members of their respective families were at Fort Jackson located in Plaquemines Parish, Louisiana celebrating Independence Day. About 6:00 P.M. a fist fight broke out between the defendant’s sixteen year old son and another young man while they were standing on a bridge. Mr. Camille Gomez, the maintenance superintendent at the park attempted to break up the fight and while doing so was thrown over the bridge into the muddy moat below by a man he later identified as the defendant.
It was after Mr. Gomez was thrown over the bridge that the plaintiff Coludrovich came into the picture. He was a Plaque-mines Parish Sheriff’s Deputy on 24 hour call and was not in uniform on this day. When he heard that there was a fight and someone was thrown into the moat he ran to his police car and called for assistance. At trial, the plaintiff testified that he approached the defendant, who knew him for years and knew that he was a police officer. He asked what was the trouble as the defendant was “cussing and raising cane” and the defendant attacked him and beat his head against the brick floor two or three times causing serious injuries to his inner ear. While the defendant was on top of the plaintiff, he stated that he told him that he was under arrest.
The defendant presented a much different version of the facts. He admits that he did push Mr. Gomez over the bridge railing into the moat but that he did so only because he thought Mr. Gomez was attacking him. He stated that he only punched him slightly and that if Mr. Gomez had not been drunk he would not have fallen over. However, he could produce no evidence to prove that Mr. Gomez was drunk other than his own self-serving statement.
The defendant also claims that he went to apologize to Mr. Gomez and while doing so he was hit on the head from behind. He became enraged and while in this condition was approached from the side by plaintiff who he knew for years and knew he was a police officer. Finally, he claimed that as the plaintiff grabbed him he retaliated believing that the plaintiff was someone attempting to harm him.
The only issue raised in this appeal is whether the defendant Hess used more force than was reasonably necessary in self-defense. The trial judge found that defendant used unnecessary force and we agree.
The general rule of Law, as properly stated by appellant is that where a person reasonably believes he is threatened with bodily harm he may use whatever force appears to be reasonably necessary to protect himself. Each case depends on its own facts, such as relative size, age and strength of the parties, their reputations for violence, the degree of physical harm reasonably feared and the presence or absence of weapons. Byrd v. Isgitt, 338 So.2d 374 (3rd Cir. 1976) and the authorities cited therein.
The question of whether or not the defendant acted in self-defense is one which has to be decided on the facts of the case. In the present suit the trial judge, who was in a position to observe the demeanor of the witnesses, chose to believe the story as told by the plaintiff and his witnesses and obviously found that the defendant was the aggressor and did not act in self-defense.
*6 A review of the record discloses that Mr. Hess admitted he had previously been convicted several times of disturbing the peace.
Additionally, the defendant voluntarily interjected himself into a fight on the day of this incident resulting in his pushing Mr. Gomez into the moat. Continuing, the defendant was involved in another incident wherein he was struck on the head. We note that defendant failed to mention this when he was first put on the stand under cross examination.
Finally defendant ended up in a fight with plaintiff, a man he knew for many years and knew was a police officer.
The trial judge has a great deal of discretion when making factual determinations, as in the present case, and when that determination is based in part on a credibility evaluation the decision of the trial court should not be disturbed absent a clear showing of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1130 (La.1978).
Accordingly, for the reasons assigned, the judgment appealed from is affirmed. Costs to be paid by appellant.
AFFIRMED.