483 So.2d 1190 (1986)
Perrin C. BUTLER, Jr.
v.
John J. PACIERA.
No. CA3751.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1986.
Frederick S. Haygood, New Orleans, for defendant-appellant.
Perrin C. Butler, Robert C. Stern, Perrin Butler, Ltd., Metairie, for plaintiff-appellee.
*1191 Before SCHOTT, BARRY and KLEES, JJ.
SCHOTT, Judge.
This is a suit for damages from a battery inflicted upon plaintiff by defendant. Defendant has appealed from a judgment which includes $5,000 for general damages and $3,100 for future medical expenses. The issues are whether 1) the record supports the trial court's conclusion that defendant's conduct was not justified because of provocation or in self-defense; 2) the general damage award was beyond the limits of the trial court's discretion; and 3) the award for future medical expenses was supported by the evidence.
On December 13, 1981 plaintiff and defendant both happened to be in Murphy's Bar in Baton Rouge, where they were both students at Louisiana State University, when defendant punched plaintiff in the face. Although they had been acquainted since high school days, they never got along, and about two and one-half years previously plaintiff had beaten up defendant.
According to plaintiff he was drinking in the bar when defendant was involved in a pushing match and pushed into him. After exchanging ugly words plaintiff turned away to resume conversation with his companion when he was struck from behind on the left side of his face.
According to defendant, he had been dancing when he bumped someone and was called "asshole" by plaintiff. About twenty minutes later as defendant was engaged in conversation with his friends he saw plaintiff walking toward him. He told plaintiff to stop, he would not, so he punched plaintiff in the face. Defendant's testimony was corroborated by that of two of his friends and fraternity brothers who were standing by.
If the trial judge believed plaintiff's version of the incident, he was a defenseless and unsuspecting victim of a surprise, unwarranted attack. As such, notions of provocation and self-defense advanced by defendant would have no application to such a case, and liability on defendant's part would be settled.
Assuming, however, the trial judge believed some of defendant's testimony, he could still, without manifest error, have found defendant liable. Once plaintiff proves a battery was committed on him, the burden is on defendant to prove provocation or justification. Provocation must consist of conduct or action which is sufficient to provoke and arouse defendant to the point of physical retaliation. Mere words designed to irritate cannot justify a battery. Johnson v. Dixon, 457 So.2d 79 (La.App. 4th Cir.1984), writs denied, 462 So.2d 196 (La.1984). Thus, defendant's conduct cannot be justified on the theory he was provoked by the vulgar epithet hurled at him by plaintiff.
However, defendant contends he was justified in striking plaintiff as a defense against a beating like the one plaintiff had administered years before. Where a person reasonably believes he is threatened with bodily harm he may use a reasonable degree of force necessary to protect himself. Whether his conduct is excusable is largely a fact question within the province of the trial judge. Coludrovich v. Hess, 407 So.2d 4 (La.App. 4th Cir.1981). The trial judge did not have to be convinced that this defendant reasonably believed he was threatened with bodily harm just because of this old incident from high school days and the fact that plaintiff was moving toward him. Furthermore, the trial judge may not have been convinced that the degree of force employed by defendant was necessary considering that plaintiff was alone and unarmed, defendant was surrounded by friends, including one rather large young man, and the blow struck by defendant was severe enough to cause serious injury. Under the circumstances we cannot say the trial judge erred manifestly if he reached the issue of self-defense and rejected it.
Plaintiff was taken to a hospital for treatment and was found to have sustained "fractures through the distal portions of *1192 the nasal bones with some depression of the distal fragments and with slight displacement of the left nasal bone towards the midline." Two days later he was examined by his own otolaryngologist who found bruises around the left eye and nose, nasal fracture, and the nasal septum in the interior pushed to the right. Two days later the physician placed him in the hospital for reduction of the fracture under anesthesia. This consisted in breaking additional bones and realligning the nose, removing pieces of bone and cartilage from the nose airways, and application of a small metal splint.
Plaintiff testified that he still had headaches and difficulty with breathing at trial time, almost three years later, and that his nose was out of shape. A plastic surgeon testified that this complaint was consistent with plaintiff's problem and explained that a nose injured like plaintiff's has a tendency to recoil or spring back out of shape after being corrected. He recommended corrective surgery which would cost $3,100.
We are satisfied that the award of $5,000 for general damages was not abusive of the trial court's discretion and that the award of $3,100 is supported by the evidence.
AFFIRMED.