CIACCIO, Judge.
Plaintiff appeals the dismissal of his suit against defendant, Continental Insurance Company, on defendant’s exception of res judicata. We reverse.
This suit arises from an altercation between plaintiff, Perrin Butler, Jr. and defendant, John Paciera, at a bar in Baton Rouge on December 13, 1981. As a result of the fight, plaintiff sustained facial injuries requiring surgery. Plaintiff later filed suit for damages against Paciera and obtained a judgment in his favor. This court rendered an opinion on February 14, 1986, affirming the trial court's judgment and damage award of $12,281.96 to plaintiff in Butler v. Paciera, 483 So.2d 1190 (La.App. 4th Cir.1986).
Subsequent to the decision in Butler, supra, plaintiff filed suit against Continental Insurance Company, seeking to satisfy the judgment and alleging coverage for the December 12, 1981 incident under a homeowner’s insurance policy in favor of Paciera.
In response to plaintiff’s petition, Continental filed a motion for summary judgment, arguing Paciera’s striking of plaintiff was intentional and, therefore, Paciera was not covered by Continental’s policy. The trial judge, in denying Continental’s *37 motion, stated that an exception of res judicata was the appropriate procedural vehicle for disposition of the case rather than a motion for summary judgment. Continental then filed an exception of res judica-ta which the trial court sustained, dismissing plaintiffs suit.
In order for an exception of res judicata to be maintained, the subsequent action must (1) be between the same parties, (2) be based on the same cause of action, and (2) the thing demanded must be the same. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978), LSA-R.S. 13:4231. The absence.of any of these identities is fatal to a plea of res judicata. Welch v. Crown Zellerbach Corp., id.
Inasmuch as Continental Insurance Company was not a party to the prior litigation in Butler v. Paciera, supra, a plea of res judicata cannot be sustained. Furthermore, we find the trial court acted prematurely in maintaining an exception of res judicata where the subject matter of the second suit, coverage under the homeowner’s policy issued by Continental, was not an issue in the prior suit and was never addressed by the court in the present matter.
Accordingly, the judgment of the lower court maintaining Continental Insurance Company’s exception of res judicata is reversed, and the case is remanded for further proceedings.
REVERSED AND REMANDED.