806 So.2d 694 (2001)
Mitzi JOHNSON
v.
Edward R. DRURY.
No. 01-CA-833.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 2001.
Ronnie J. Berthelot, Shows, Cali & Berthelot, Baton Rouge, LA, Counsel for plaintiff-appellee.
Michael J. Phillips, Edward R. Drury, and Garald P. Weller, Metairie, LA, Counsel for defendant-appellant.
Court composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
On December 2, 1996, Plaintiff, Mitzi Johnson filed suit against the Defendant, Edward Drury, to collect on an allegedly delinquent promissory note. In 1973, Mr. Drury executed the promissory note in question in favor of Security Homestead. The note was secured by a mortgage on property located in Metairie, Louisiana. The original amount of the note was $254,000.00, and the terms required Drury to make monthly mortgage payments of $2,153.92. After Security Homestead was placed into receivership, they transferred the promissory note to the Resolution Trust Corporation (RTC), a subsidiary of the Federal Deposit Insurance Corporation (FDIC). Subsequently, RTC assigned the note to Alaska Southern Partnership (ASP). The Plaintiff, Mitzi Johnson was a partner of ASP.
In her petition, Johnson alleged that Drury was in default for failure to pay the monthly installments. Drury answered and filed a reconventional demand against Johnson and a third party demand against RTC and FDIC. The complicated and protracted procedural history of this case involves almost 100 pleadings or motions in *695 over five years of litigation. The trial court has already entered a judgment in favor of Johnson on the principal demand, and found Drury liable for the amount of the note. Drury appealed the judgment and this Court affirmed the trial court in Johnson v. Drury, 99-608 (La.App. 5 Cir. 6/2/00), 763 So.2d 103. A remaining issue to be tried in the case was Drury's reconventional demand against Johnson.
In Drury's reconventional demand, he asserts various defenses against Johnson and alleges that he should not have to pay the remaining balance on the note. Specifically, Drury alleged that: Johnson was unjustly enriched to Drury's economic detriment when he was not allowed to purchase the note at a price which exceeded that which a third party paid; Johnson engaged in unfair and deceptive trade practices by failing to properly notify Drury of a new address where payments should be made; and Johnson was negligent of any and all other acts which may appear at trial or through discovery.
On August 23, 2000, Drury filed a motion for summary judgment on the reconventional demand, and Johnson responded with an exception of no cause of action. The trial court heard the matter on October 12, 2000, and issued a judgment in favor of Johnson and against Drury. The trial court denied Drury's motion for summary judgment and granted Johnson's exception of no cause action, thereby dismissing Drury's reconventional demand against Johnson. From this judgment, Drury filed the present appeal.

LAW AND ANALYSIS
On appeal, Drury alleges the following assignments of error:
1) RTC's sale of the note to Johnson's predecessor (ASP) for an amount that was $8,000.00 less than that offered by Drury three months earlier was a breach of the obligation of good faith and fair dealing.
2) Johnson and ASP have been unjustly enriched by her purchase of the note because although ASP paid less for the note than was offered by Mr. Drury, ASP and Johnson have now collected over $268,603.60 more than ASP originally paid for the note.
Initially, we note that as to Drury's first assignment of error, the issue is not before us on appeal. Whether RTC has breached an alleged duty of good faith and fair dealing is an issue to be resolved in Drury's third party demand against RTC and FDIC. On appeal, we only address the trial court's denial of Drury's motion for summary judgment and the trial court's grant of Johnson's exception of no cause of action.
The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). In deciding the exception, the court must accept the well-pleaded allegations of fact as true. Id. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.
In his reconventional demand against Johnson, Drury claims that Johnson was unjustly enriched because Drury was not allowed to purchase the note at a price which was greater and earlier than that offered by ASP. He claims that by purchasing the promissory note, Johnson and ASP have now collected over $268,603.60 more than ASP originally paid for the note. According to Drury, RTC made an offer to Drury to buy back the promissory note. However, three months later RTC *696 sold the note to ASP for an amount that was $8,000.00 more than that offered by Drury. According to Drury, this was a breach of the obligation of good faith and fair dealing on the part of RTC, and unjust enrichment on the part of Johnson and ASP.
La. Civ.Code art. 2298 recognizes a claim for unjust enrichment. The article states:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law.
Even accepting the allegations in Drury's reconventional demand as true, he has failed to state a cause of action for unjust enrichment. Johnson's purchase of the note was the result of a valid juridical act. Furthermore, there is no allegation that Johnson was "enriched" at Drury's expense.
Drury cites no authority that he had a right to purchase the note or that RTC owed a duty to sell the note to him. There is no right for Drury, the borrower on the promissory note, to buy back his note. We can only speculate as to why RTC did not sell the note to Drury. Such speculation is, of course, beyond the face of the petition. We note, however, that it is still disputed whether Drury made regular payments or whether he was in default for delinquent payments. Such a disputed issue of fact provides the basis for the trial court's denial of Drury's motion for summary judgment. As for Johnson's exception of no cause of action, we find that the trial court was correct in granting the exception and dismissing Drury's reconventional demand. Accepting all of the allegations as true, Drury has still failed to state a cause of action on the face of the reconventional demand.
By this holding, we express no opinion on whether Drury has stated a viable claim against third party defendants, RTC and FDIC. Furthermore, as a final issue we address Johnson's claim that this is a frivolous appeal. The code article that authorizes damages for frivolous appeals, La. C.C.P. art 2164, is penal in nature and must be strictly construed. Salmon v. Hodges, 398 So.2d 548 (La.App. 1 Cir. 1979). La. C.C.P. art. 2164 provides that an appellate court may award damages for frivolous appeal when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates. See, Louisiana Home Builders v. Fontenot, 546 So.2d 325 (La.App. 3 Cir. 1989). Although we find no merit in Drury's assignments of error on appeal, we do not find that the appeal is frivolous. Drury has advanced arguments based in law, and there is insufficient evidence to find that the appeal was taken solely for the purpose of harassment or delay.
The judgment of the trial court granting Johnson's exception of no cause of action and denying Drury's motion for summary judgment, is hereby affirmed. All costs of this appeal are to be assessed against the appellant, Drury.
AFFIRMED.