868 So.2d 744 (2003)
George H. CADE, Jr.
v.
SAFETY COUNCIL OF the LOUISIANA CAPITAL AREA and LWCC.
No. 2003 CA 0430.
Court of Appeal of Louisiana, First Circuit.
December 31, 2003.
*745 Charles R. Davoli, Baton Rouge, Counsel for Plaintiff/Appellee George H. Cade, Jr.
Jeffrey J. Warrens, Baton Rouge, Counsel for Defendants/Appellants Safety Council of the Louisiana Capital Area and Louisiana Workers' Compensation Corporation.
Before: PETTIGREW, DOWNING, and McCLENDON, JJ.
MCCLENDON, J.
At issue on appeal in this workers' compensation case is whether an employee was in the course and scope of his employment when he sustained an accident and injury. For the following reasons, we affirm the judgment of the Office of Workers' Compensation awarding benefits to the employee.

*746 FACTS AND PROCEDURAL HISTORY
George H. Cade, Jr. was employed as an industrial safety instructor by the Safety Council of the Louisiana Capital Area. On Friday, May 4, 2001, the Safety Council sponsored a crawfish boil for its employees and customers. Catering Kegs supplied a keg of non-alcoholic beer. When the function ended, the keg remained approximately one-half full. Brett Beoubay, the vice president of operations for the Safety Council, approached Mr. Cade, inquiring as to whether he wanted to take the keg home. Initially, Mr. Cade rejected the offer, but ultimately he agreed to take the keg and to return it to Catering Kegs early the following week.
The following Wednesday, May 9, 2001, Mr. Cade reported to work at approximately 5:30 a.m. He clocked in and began preparing for a safety class that he was to conduct at Exxon refinery. However, before he could enter the refinery, the keg had to be removed from his truck as the refinery prohibited the presence of beer kegs on its premises. Because no one else was present at the Safety Council at that time of the morning, Mr. Cade attempted to remove the keg from the bed of his truck alone. It is undisputed that he had an accident and suffered personal injuries while attempting to remove the keg. Due to his inability to perform his pre-accident job, the Safety Council terminated Mr. Cade's employment on June 27, 2001. Subsequently, the Louisiana Workers' Compensation Corporation denied Mr. Cade's claim for workers' compensation benefits.
On October 23, 2001, Mr. Cade filed a disputed claim for compensation with the Office of Workers' Compensation. After hearing the matter, the workers' compensation judge found Mr. Cade was in the course and scope of his employment at the time of his accident and rendered judgment in his favor, awarding him workers' compensation benefits, as well as penalties and attorney's fees. The Safety Council and the Louisiana Workers' Compensation Corporation appeal that judgment, asserting that the workers' compensation judge erred in finding that Mr. Cade was in the course and scope of his employment at the time of his accident and in awarding penalties and attorney's fees. Mr. Cade answered the appeal, seeking additional attorney's fees on appeal.

COURSE AND SCOPE OF EMPLOYMENT
An injury is compensable under the Louisiana Workers' Compensation Act if it results from an accident arising out of and in the course of employment. Davis v. St. Tammany Parish School Board, 00-2860, p. 3 (La.App. 1 Cir. 2/15/02), 808 So.2d 826, 828. Whether a claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the workers' compensation judge. Williams v. Wal-Mart Stores, Inc., XXXX-XXXX, p. 5 (La.App. 1 Cir. 9/28/01), 809 So.2d 294, 298. Factual findings in a workers' compensation case are subject to the manifest error standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556.
In applying the manifest errorclearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State, 617 So.2d 880, 882 (La.1993). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Stobart v. State, 617 So.2d 880, 882 (La.1993). Thus, "[i]f the [factfinder's] findings are *747 reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
Herein, Mr. Cade testified that he attended the crawfish boil from approximately 4:20 p.m. until 5:45 p.m. on May 4, 2001. He testified that, after the crawfish boil, Mr. Beoubay asked him to take the keg home four or five times over a fifteen to twenty minute period. Mr. Cade stated that Mr. Beoubay did not ask him at first if he wanted the keg, rather Mr. Beoubay asked him to take the keg. Mr. Cade testified that he told Mr. Beoubay he would not take the keg because he did not drink, had no use for the keg, and did not want it in the back of his truck. Mr. Beoubay began to get irritated when Mr. Cade continued to refuse. Mr. Cade stated that he felt threatened because of Mr. Beoubay's tone of voice and because Mr. Beoubay became more demanding. Mr. Cade testified that Mr. Beoubay persisted, and Mr. Cade finally took the keg because he felt his job was threatened if he continued to refuse. Mr. Beoubay was one of Mr. Cade's supervisors at the time.
Mr. Cade testified further that, during these conversations, he told Mr. Beoubay that he would not return the keg to Catering Kegs on Monday because he would be on vacation that day and did not want to return it on his day off. He returned to work on Tuesday, but forgot a part of the keg mechanism at home. Therefore, he did not return the keg on Tuesday. On Wednesday, Mr. Cade punched in at 5:30 a.m., loaded the equipment necessary to teach a class at Exxon into his truck, and pushed the keg to the back of his truck. The keg began to tip over, and Mr. Cade grabbed it, lost his balance, and fell on top of the keg, injuring himself. Mr. Cade reported the accident when he returned to the Safety Council after completing his training class at Exxon. At the time, he was experiencing pain in the right side and shoulder.
Van Kirsh Edmonson, who was Mr. Cade's immediate supervisor at the time of the accident, confirmed Mr. Cade's testimony. Specifically, Mr. Edmonson testified that Mr. Beoubay asked Mr. Cade to take the keg home and enjoy it; that Mr. Cade indicated that he did not like nonalcoholic beer; and that, ultimately, Mr. Cade unwillingly took the keg.
Mr. Beoubay testified that, at the end of the crawfish boil, he was assisting in the removal of tables and chairs from the area of the crawfish boil when a Catering Kegs representative asked if anyone wanted to take the keg of non-alcoholic beer home as it remained approximately one-half full. Mr. Beoubay asked Mr. Cade and other Safety Council employees if anyone wanted to take the keg home to consume the remaining contents. Everyone, including Mr. Cade, refused. Later, Mr. Beoubay saw Mr. Cade again and offered him the keg a second time stating, "Bubba [Cade], you sure you don't want to take this keg." Mr. Cade replied, "I'll put it in my truck, take it home and my neighbors and I will drink the rest of it." Mr. Cade agreed to return the keg to Catering Kegs the following Tuesday.
Herein, there are two permissible views of the facts. The workers' compensation judge made the factual determination that Mr. Cade took the keg at the request and instruction of his employer; therefore, he was in the course and scope of his employment at the time of his accident. This factual determination is reasonable in light of the evidence in the record, including evidence that Mr. Cade did not take the keg for his personal use. Therefore, the *748 workers' compensation judge's determination that Mr. Cade was in the course and scope of his employment at the time of his accident and injury is not manifestly erroneous.

PENALTIES AND ATTORNEY'S FEES
The Safety Council and the Louisiana Workers' Compensation Corporation next assert that the workers' compensation judge erred in awarding Mr. Cade penalties in the sums of $2,000 for the failure to timely pay indemnity benefits and $2,000 for the failure to timely pay medical benefits, and erred in awarding attorney's fees in the sum of $4,000.
The Workers' Compensation Act provides for the assessment of penalties and attorney's fees for failure to pay benefits timely where the claim for benefits is not reasonably controverted. LSA-R.S. 23:1201. A workers' compensation judge's award of penalties and attorney's fees under LSA-R.S. 23:1201 is a factual determination and should not be disturbed on appeal unless clearly wrong. Augustus v. St. Mary Parish School Board, 95-2498, pp. 12-13 (La.App. 1 Cir. 6/28/96), 676 So.2d 1144, 1154.
In this case, it is undisputed that the employer's failure to pay benefits to Mr. Cade was based solely on the statement of Mr. Beoubay, its vice president of operations. No effort was made to obtain Mr. Cade's statement or the statements of others present at the crawfish boil prior to refusing benefits. Considering the limited information that the Safety Council chose to rely upon in refusing to pay benefits to Mr. Cade, we cannot say that the workers' compensation judge manifestly erred in awarding penalties and attorney's fees to Mr. Cade.
Finally, Mr. Cade answered the appeal, seeking an increase in attorney's fees for litigating this appeal. An increase in attorney's fees in workers' compensation cases is generally allowed when the defendant appeals and obtains no relief on appeal, the appeal necessitates additional work on the part of appellee's attorney, and the appellee properly requests such relief. Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736, 740 (La.App. 1 Cir.), writ denied, 553 So.2d 466 (La. 1989). The foregoing conditions are present in this appeal. Mr. Cade's attorney expended time and effort in preparing a brief in this appeal and in participating in oral argument. Accordingly, an award of additional attorney's fees in the sum of $2,000 is warranted.

CONCLUSION
For the foregoing reasons, we amend the judgment of the Office of Workers' Compensation to award Mr. Cade additional attorney's fees in the sum of $2,000 on appeal with legal interest from date of this judgment until paid, and we affirm the judgment, as amended. Costs on appeal are assessed to the Safety Council of Louisiana Capital Area and the Louisiana Workers' Compensation Corporation.
AFFIRMED, AS AMENDED.