873 So.2d 682 (2004)
LANE MEMORIAL HOSPITAL
v.
Sheila Gaspard GAY.
No. 2003 CA 0701.
Court of Appeal of Louisiana, First Circuit.
February 23, 2004.
*684 J. Douglas Sunseri, Metairie, Jean-Louis Lemoine, Lafayette, Counsel for Plaintiffs/Appellants Lane Memorial Hospital and Louisiana Hospital Association-Workers' Compensation Group Self-Insurance Fund.
Charles R. Davoli, Baton Rouge, Counsel for Defendant/Appellee Sheila Gaspard Gay.
Before: PETTIGREW, DOWNING, and McCLENDON, JJ.
MCCLENDON, J.
The salient issue raised on appeal in this workers' compensation case is whether, pursuant to LSA-R.S. 23:1121, an employer can require an employee to submit to a second opinion examination by a physician of the employer's choice. Finding it cannot, we affirm the judgment of the Office of Workers' Compensation.
In June of 1991, while working as a phlebotomist at Lane Memorial Hospital, Sheila Gaspard Gay sustained a work-related injury. Gay has received weekly indemnity benefits since June 1991 and has received extensive medical treatment for alleged complications involving blood clots, thrombosis, and other blood flow problems in various parts of her body.
In November of 2001, Lane Memorial Hospital filed a disputed claim for compensation, seeking a judicial determination of the classification of indemnity benefits to which Gay is entitled[1] and requesting a second opinion examination of Gay by Dr. Watts Webb, a thoracic and vascular surgeon, pursuant to LSA-R.S. 23:1121. On March 6, 2002, Lane Memorial Hospital filed a motion to compel Gay to submit to a physical examination by Dr. Watts Webb. Gay filed an opposition to the employer's motion to compel and requested sanctions against Lane Memorial Hospital pursuant to LSA-C.C.P. art. 863. After hearing the matter, the workers' compensation judge denied the motion to compel and awarded Gay $3,000 in attorney's fees. Lane Memorial Hospital appeals.
Initially, Lane Memorial Hospital urges on appeal that the workers' compensation judge erred in denying its motion to compel Gay's physical examination by Dr. Webb. LSA-R.S. 23:1121 A[2] governs the employer's right to seek medical examination of an injured employee and provides as follows:
A. An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payments under this Chapter. The employer or his workers' compensation carrier shall not require the employee to be examined by more than one duly qualified medical practitioner in any one field *685 or specialty unless prior consent has been obtained from the employee.
The record reflects that Dr. David Depp, a thoracic and cardiovascular surgeon, treated Gay for approximately four years beginning on September 10, 1991. Dr. Depp performed surgery on Gay in 1993 and 1994. Drs. Jon V. Schellack and John Frusha of Vascular Surgery Associates of Baton Rouge, both thoracic and vascular surgeons, began treating Gay in 1995 and continued to treat Gay at the time of the hearing herein. In late 1996, Dr. Schellack recommended that Gay seek another opinion to determine whether Gay was eligible for an experimental surgery by Dr. David B. Roos, a vascular surgeon in Denver, Colorado. In November of 1996, Dr. Roos performed an experimental surgical procedure on Gay. Gay continued her treatment with Drs. Schellack and Frusha after returning from surgery and treatment in Colorado. The workers' compensation judge made the factual determination that each of these thoracic and vascular surgeons was chosen by the employer. This conclusion is clearly supported by the record and is not manifestly erroneous. See Stobart v. State, Dep't of Transp. and Dev., 617 So.2d 880, 882 (La. 1993).
Lane Memorial Hospital urges that Gay treated with Drs. Schellack and Frusha for over forty examinations from 1995 to present and, as such, Drs. Schellack and Frusha are Gay's "de facto" treating physicians in the field of thoracic and vascular surgery. The employer notes that there have been no second opinion examinations pursuant to LSA-R.S. 23:1121 A by a thoracic and vascular surgeon selected by Lane Memorial Hospital during this time period. Lane Memorial Hospital asserts that, since Drs. Schellack and Frusha became the employee's "de facto" physicians in the field of thoracic and vascular surgery, it has the right to compel a second opinion examination by a specialist, of the employer's choice, in the field of thoracic and vascular surgery. We disagree.
In Smith v. Southern Holding, Inc., 02-1071 (La.1/28/03), 839 So.2d 5, the Louisiana Supreme Court reviewed the statutory provisions of LSA-R.S. 23:1121 and held that an employee possesses "the right to choose his treating physician, even though he or she submitted to treatment by the employer's physician." Smith, 02-1071 at p. 8, 839 So.2d at 10. The court specifically noted that LSA-R.S. 23:1121 B places no limit on the employee's right of selection of a physician "by submitting to treatment by the employer's physician, even for an appreciable amount of time. The statute is clear and mandatory that the `employee shall have the right to select one treating physician ...'" Smith, 02-1071 at p. 9, 839 So.2d at 11. In this case, the Louisiana Supreme Court rejected the jurisprudentially recognized de facto selection of a physician pursuant to LSA-R.S. 23:1121 as set forth in such cases as Moore v. Sanderson Farms, Inc., 95-2042 (La. App. 1 Cir. 5/10/96), 674 So.2d 478, writ denied, 96-1399 (La.9/13/96), 679 So.2d 106, and Guillotte v. Dynamic Offshore Contractors, 628 So.2d 234 (La.App. 3 Cir. 1993). Chauvin v. Southern, Technology & Services, Inc., 02-1871, p. 5 (La.App. 1 Cir. 6/27/03), 858 So.2d 519, 522. The supreme court, applying the rules of strict construction, held that the statute does not recognize the concept of de facto selection, rather an employee has the right to choose one treating physician regardless of treatment by the employer's physician. Therefore, Lane Memorial Hospital's contention that Dr. Schellack became Gay's de facto physician must fail.
Louisiana Revised Statutes 23:1121 A provides that "[t]he employer or his workers' compensation carrier shall not require *686 the employee to be examined by more that one duly qualified medical practitioner in any one field or specialty unless prior consent has been obtained from the employee." (Emphasis added.) Therefore, an employer may compel examination of an injured employee by only one physician in each field. The statutory provision provides no exception for length of treatment or complexity of condition as asserted by Lane Memorial Hospital. See Smith, 02-1071 at p. 9, 839 So.2d at 11. Herein, Lane Memorial Hospital had already chosen a thoracic and vascular surgeon and it was not Dr. Webb. Therefore, it may not compel Gay to submit to examination by Dr. Webb, and the workers' compensation judge correctly denied the employer's motion to compel.
Lane Memorial Hospital also urges on appeal the workers' compensation judge erred in imposing sanctions against it pursuant to LSA-C.C.P. art. 863. Article 863 authorizes a court to impose sanctions upon an attorney who signs pleadings without making an objectively reasonable inquiry into the facts and law. Goldbach v. Atchley, 01-616, p. 21 (La.App. 5 Cir. 11/27/01), 801 So.2d 1217, 1228, writ denied, 02-0500 (La.5/10/02), 815 So.2d 840. That provision seeks to strike a balance between the need to curtail abuse of the legal system and the need to encourage creativity and vitality in the law. Penton v. Clarkson, 93-0657, p. 11 (La.App.1 Cir. 3/11/94), 633 So.2d 918, 925. A trial court's factual determination that LSA-C.C.P. art. 863 was, or was not, violated is reviewed on appeal pursuant to the "manifest error" or "clearly wrong" standard. Maxie v. McCormick, 95-1105, p. 5 (La. App. 1 Cir. 2/23/96), 669 So.2d 562, 565.
Herein, the record reflects that the employer submitted the issue present herein to the workers' compensation judge in a motion to compel in 1999. At that time, the workers' compensation judge denied the employer's motion to compel. Subsequently, both this court and the Louisiana Supreme Court denied the employer's applications for writs. At the hearing on the motion at issue herein, the workers' compensation judge stated that she did not know why the employer had raised the same argument as it did in 1999 with no change in the grounds therefore, indicating that she felt strongly that the employer was not acting in good faith in bringing its motion. Considering the facts and circumstances of this case, we do not believe that the workers' compensation judge manifestly erred by imposing sanctions.
Finally, Lane Memorial Hospital alleges the imposition of a sanction of $3,000 in the form of attorney's fees is clearly excessive. Article 863 authorizes an award of "reasonable" and not necessarily actual attorney's fees. The goal to be served by imposing sanctions is not wholesale fee shifting, but correction of litigation abuse. Joyner v. Wear, 27,631, p. 14 (La.App. 2 Cir. 12/6/95), 665 So.2d 634, 642, writs denied, 96-0040, 96-0042 (La.2/28/96), 668 So.2d 370. Four factors have evolved that must be considered in arriving at an appropriate sanction award: the conduct being punished or sought to be deterred by the sanction; the expenses or costs caused by the violation of the rule; the reasonableness of those costs or expenses as opposed to the result of delay in seeking court intervention; and the least severe sanction adequate to achieve the purpose of article 863. Dubois v. Brown, 01-0816, p. 4 (La.App. 1 Cir. 5/10/02), 818 So.2d 864, 867, writ denied, 02-1654 (La.10/14/02), 827 So.2d 421. Once the trial court finds a violation of article 863 and imposes sanctions, the determination of the type and/or the amount of the sanction is reviewed on appeal utilizing the "abuse of discretion" standard. Connelly *687 v. Lee, 96-1213, p. 5 (La.App. 1 Cir. 5/9/97), 699 So.2d 411, 414, writ denied, 97-2825 (La.1/30/98), 709 So.2d 710.
Applying these factors to the case before us, we find that the workers' compensation judge sought to deter and punish conduct that required her time as well as the time and money of the claimant and lacked any purpose in moving the case forward. The workers' compensation judge, in her discretion, determined that $3,000 was an adequate sanction under the facts of this case to achieve the purpose of LSA-C.C.P. art. 863. After a thorough review of the record, we cannot say that the workers' compensation judge abused her discretion in awarding $3,000 in sanctions in this case.
Gay filed an answer to this appeal, requesting additional attorney's fees for work performed in defending this appeal.[3] Rule 2-19 of the Uniform Rules Courts of Appeal provides, "The court may award damages for frivolous appeal in civil cases as provided by law." Damages for a frivolous appeal are awarded pursuant to LSA-C.C.P. art. 2164, which provides that an appellate court may award damages for frivolous appeal when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that the appellant's counsel does not seriously believe in the position he advocates. Cortes v. Lynch, 02-1498, p. 14 (La.App. 1 Cir. 5/9/03), 846 So.2d 945, 954; Johnson v. Drury, 01-833, p. 4 (La.App. 5 Cir. 12/12/01), 806 So.2d 694, 696. The courts have been very reluctant to grant damages under this article, as it is penal in nature and must be strictly construed. Christoffer v. New Orleans Fire Dep't, 99-2658, p. 4 (La.App. 4 Cir. 3/15/00), 757 So.2d 863, 866, writ denied, 00-1413 (La.6/30/00), 766 So.2d 543. Rather, appeals are favored, and damages for frivolous appeal are granted only when clearly due. Charleston v. Berry, 97-2527, p. 10 (La.App. 1 Cir. 12/28/98), 723 So.2d 1069, 1075.
Although we have determined that this appeal lacks merit, we cannot say that Lane Memorial Hospital's counsel did not seriously believe the position he advocated, which was adversely impacted by Smith v. Southern Holding, Inc., 02-1071 (La.1/28/03), 839 So.2d 5, jurisprudence rendered after the appeal was taken. Therefore, damages for frivolous appeal are not warranted. We, therefore, deny Gay's request for damages for frivolous appeal.
For the foregoing reasons, we affirm the judgment of the Office of Workers' Compensation. Costs are assessed against Lane Memorial Hospital.
AFFIRMED.
DOWNING, J., concurs.
DOWNING, J., concurs and assigns reasons.
I agree with the majority's analysis and result where it concludes that Lane Memorial *688 Hospital cannot compel Ms. Gay to submit to a second opinion medical examination by a physician of its choice. And while I agree that additional attorney fees should not be awarded in favor of Ms. Gay, I believe the analysis is misdirected.
By answer to appeal Ms. Gay claims that her counsel "will be entitled to additional attorney fees for the representation of Ms. Gay in this appeal." Nowhere in her answer or in her brief does Ms. Gay suggest "frivolous appeal" as the basis for these additional attorney fees. Rather, she cites cases that authorize additional attorney fees where statutory attorney fees were awarded at the trial level. And, as this court recently stated in Cade v. Safety Council of Louisiana Capital Area, 03-0430, pp. 6-7 (La.App. 1 Cir. 12/31/03), 868 So.2d 744, 748, "[a]n increase in attorney's fees in workers' compensation cases is generally allowed when the defendant appeals and obtains no relief on appeal, the appeal necessitates additional work on the part of appellee's attorney, and the appellee properly requests such relief." This is apparently a jurisprudentially developed rule, as additional attorney fees on appeal are not specifically authorized under La. R.S. 23:1201. And this standard is a different one than the one employed for frivolous appeal, as discussed in the majority opinion.
In every case where attorney fees were increased under the standard outlined in Cade, however, such fees were increased only after attorney fees were previously awarded pursuant to specific subject-related statutory authorization. Here, the worker's compensation judge awarded attorney fees as sanctions under La. C.C.P. art. 863 D for violation of the attorney's imputed certification that "he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Specifically, rather than waiting to appeal, Lane Memorial Hospital raised in a second motion to compel the identical issue with identical arguments it had previously raise and over which the workers' compensation judge had ruled.
In the appellate court, conduct similar to that giving rise to sanctions under La. C.C.P. art. 863 is specifically governed by La. C.C.P. art. 2164, which allows damages for frivolous appeal. As the majority observes, the court of appeal may award damages for frivolous appeal "when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that the appellant's counsel does not seriously believe in the position he advocates."
Accordingly, I would not apply the standard outlined in Cade for an increase in an award of attorney fees granted pursuant to La. C.C.P. art. 863 even though attorney fees were awarded in this workers' compensation matter. I, therefore, agree that Ms. Gay is not entitled to an increase in attorney fees in the Court of Appeal.
Damages for frivolous appeal under La. C.C.P. art. 2164 would the appropriate claim. But Ms. Gay made no such claim or assignment of error. Nonetheless, in the interest of justice, the majority has construed the request for attorney fees as a claim for frivolous appeal even though Ms. Gay has not requested that we award attorney fees for filing a frivolous appeal. The majority's result in this regard is correct. Accordingly, I respectfully concur.
NOTES
[1] Although the injury occurred in 1991, Gay's entitlement to benefits apparently has not yet been litigated.
[2] LSA-R.S. 23:1121 was amended by Acts of the Louisiana Legislature, Act 866, effective August 15, 2003. These amendments do not impact the outcome of the instant case. Furthermore, LSA-R.S. 23:1121 A was not changed by the 2003 amendments.
[3] In support of its answer to the appeal, Gay cites, in her brief, the cases of Gallien v. Winn-Dixie, 685 So.2d 531 (La.App. 3 Cir. 1996) and Hickman v. Allstate Timber Co., 94-1275 (La.App. 3 Cir. 4/5/95), 653 So.2d 154. These cases awarded attorney's fees pursuant to LSA-R.S. 23:1201. That statutory provision imposes penalties and attorney's fees when an employer does not reasonably controvert a claim or arbitrarily, capriciously and without probable cause fails to pay a claim or discontinues payment of claims due. In this instant case, a motion to compel was the only matter before the workers' compensation judge. Therefore, LSA-R.S. 23:1201 does not apply herein. Accordingly, we will construe Gay's answer to the appeal as a request for attorney's fees for a frivolous appeal pursuant to LSA-C.C.P. art. 2164.