989 So.2d 766 (2008)
John B. HICKERSON, Jr.
v.
SHAW SERVICES, LLC.
No. 2007 CA 1049.
Court of Appeal of Louisiana, First Circuit.
February 8, 2008.
*767 D. Steven Wanko, Jr., Covington, LA, for Plaintiff/Apppellee, John B. Hickerson, Jr.
John J. Rabalais, Covington, LA, for Defendant/Appellant Shaw Services, LLC.
Before GAIDRY, McDONALD and McCLENDON, JJ.
McDONALD, J.
In this workers' compensation case, Mr. John B. Hickerson, Jr. filed a disputed claim for compensation against his employer, Shaw Services, LLC (hereafter Shaw Services). Mr. Hickerson asserted that he injured his right knee on May 3, 2006, while working as a boilermaker for Shaw Services. He averred that he needed surgery, and that no wage benefits had been paid and no medical treatment had been authorized. He also asked for attorney fees, costs, penalties and interest.
Prior to trial, the parties stipulated that Mr. Hickerson was employed by Shaw Services on the date of the alleged accident, that his hourly wage was $20.02, that all medical expenses incurred had been paid, and further, that if any benefits were awarded, Shaw Services was entitled to a week-for-week offset for any unemployment benefits that Mr. Hickerson had received.
After trial on the merits, the workers' compensation judge found that Mr. Hickerson had injured his right knee in the course and scope of his employment with Shaw Services on May 3, 2006; that his average weekly wage was $800.80, placing him at the maximum compensation rate of $454.00; that he was temporarily totally disabled as a result of his injury; and that he was due temporary total disability benefits in the amount of $16,798.00 as of the date of trial, continuing according to law, together with 8% interest on each installment as it came due. Further, the workers' compensation judge awarded Shaw Services a credit for any unemployment benefits received by Mr. Hickerson, found *768 that Dr. Morvant was Mr. Hickerson's treating physician, awarded Mr. Hickerson medical treatment with Dr. Morvant, and approved the arthroscopic surgery on his knee. Also, the workers' compensation judge found that Shaw Services was arbitrary and capricious in the discontinuance of medical benefits, and awarded Mr. Hickerson penalties in the amount of $2,000.00 and attorney fees in the amount of $5,000.00, together with legal interest of 8% from the date of award until paid; decreed that no penalties or attorney fees were awarded for the failure to commence indemnity benefits; ruled that neither Mr. Hickerson nor Shaw Services had violated La. R.S. 23:1208; and ruled that Mr. Hickerson had not violated La. R.S. 23:1208.1.
Shaw Services appealed that judgment, and makes the following assignments of error: 1) the workers' compensation judge erred in quashing the deposition of Dr. Morvant; 2) the workers' compensation judge erred in denying its motion for rehearing on the grounds that Dr. Morvant was not properly subpoenaed for trial; 3) the workers' compensation judge erred in finding that Mr. Hickerson did not make misrepresentations for purposes of obtaining benefits in violation of La. R.S. 23:1208; 4) the workers' compensation judge erred in finding that Mr. Hickerson did not violate La. R.S. 23:1208.1; and 5) the workers' compensation judge erred in awarding penalties and attorney fees pursuant to La. R.S. 23:1201 for termination of medical benefits.
Mr. Hickerson answered the appeal to ask for an attorney fee award for the additional legal expenses and fees incurred as a result of the appeal.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In these assignments of error, Shaw Services asserts that the workers' compensation judge erred in quashing the deposition of Dr. Morvant and in denying Shaw Services' motion for rehearing on the ground that Dr. Morvant was not properly subpoenaed for trial. The judge's pretrial order gave a deadline of two weeks prior to pre-trial mediation for discovery cutoff. The pre-trial mediation was set for December 13, 2006, which made the discovery cutoff date November 29, 2006.
On January 12, 2007, when the workers' compensation judge quashed Dr. Morvant's deposition, which was set for January 15, 2007, she found there had been no subpoena issued to Dr. Morvant for trial, thus, she articulated that the only reason for the deposition was discovery. While not clearly wrong, it seems obvious to us that the real purpose of the deposition was to perpetuate the testimony of the doctor for use at trial. It is not necessary to subpoena a witness in order to establish their unavailability to testify at trial. Nevertheless, the record fails to establish that the attorney was informed that the doctor could not appear for trial. Had the record indicated such, our conclusion might be different.
Shaw Services avers that the workers' compensation judge was incorrect because they had subpoenaed Dr. Morvant; however, the fax notation on the letter noting that courtesy copies of subpoenas are attached, issued on January 12, 2007, indicates that the letter was sent to the workers' compensation judge at 5:17 p.m. that day.
At the trial on January 24, 2007, the workers' compensation judge noted that Dr. Morvant had contacted her and stated he did not get the subpoena until January 18, six days prior to trial, and he could not be at the trial because he had surgery scheduled for that day. The workers' *769 compensation judge told Dr. Morvant that she was not releasing him from the subpoena. Further, she told him if he planned not to appear, he needed to give that information in writing to her and to both parties.
The workers' compensation judge found Dr. Morvant was not in contempt for failure to appear, because he had a reasonable basis for not appearing. Although Shaw Services did object to the denial of the motion for contempt, Shaw Services did not object to Dr. Morvant's failure to appear, did not ask for a bench warrant, and did not ask for a continuance.
After a thorough review of the record we cannot say the workers' compensation judge erred in quashing the deposition of Dr. Morvant, or in denying the motion for rehearing on that issue. These assignments of error have no merit.

ASSIGNMENT OF ERROR NUMBER THREE
Shaw Services avers that the workers' compensation judge manifestly erred in finding that Mr. Hickerson did not willfully make misrepresentations in order to obtain benefits under R.S. 23:1208. After a thorough review of the record, and the workers' compensation judge's comprehensive reasons for judgment, we cannot say that the workers' compensation judge erred in finding that Mr. Hickerson did not willfully make misrepresentations in order to obtain benefits. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER FOUR
In this assignment of error, Shaw Services asserts that the workers' compensation judge erred in finding that Mr. Hickerson did not violate La. R.S. 23:1208.1. After a thorough review of the record, and the workers' compensation judge's reasons for judgment, we cannot say that the workers' compensation judge erred in finding that Mr. Hickerson did not violate La. R.S. 23:1208.1. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER FIVE
In this assignment of error, Shaw Services avers that the workers' compensation judge erred in awarding penalties and attorney fees to Mr. Hickerson. The workers' compensation judge found that Shaw Services arbitrarily and capriciously discontinued Mr. Hickerson's medical benefits, and thus, awarded penalties and attorney fees to Mr. Hickerson. After a thorough review of the record, we cannot say that the workers' compensation judge erred in that finding and award. This assignment of error has no merit.

THE ANSWER TO THE APPEAL
An increase in attorney fees is generally allowed when the defendant appeals and obtains no relief on appeal, the appeal necessitates additional work on the part of the appellee's attorney, and the appellee properly requests such relief. Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736, 740 (La.App. 1 Cir.), writ denied, 553 So.2d 466 (La.1989); Cade v. Safety Council of Louisiana Capital Area, 03-0430, pp. 6-7 (La.App. 1 Cir. 12/31/03), 868 So.2d 744, 748. Thus, we award attorney fees in the amount of $1,500.00 to Mr. Hickerson and against Shaw Services.

DECREE
For the foregoing reasons, we affirm the trial court judgment and award attorney fees in the amount of $1,500.00 to Mr. Hickerson and against Shaw Services. Costs are assessed against Shaw Services.
*770 AFFIRMED; ATTORNEY FEES ASSESSED AGAINST SHAW SERVICES, LLC.
McCLENDON, J., concurs and assigns reasons.
McCLENDON, J., concurs, and assigns reasons.
Although I may have found differently on the LSA-R.S. 23:1208 and 23:1208.1 issues, based on the specific and strong credibility determinations by the workers' compensation judge, I cannot say that the decision was clearly wrong. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882-83 (La. 1993). Thus, I respectfully concur in the result reached by the majority.