HELEN MATTHEWS
v.
SHARON MACK.
No. 2007 CA 1386.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
ROBERT J. CARTER, Attorney for Plaintiff-Appellee, HELEN MATTHEWS.
HEIDI M. VESSEL, and CHARLES E. GRIFFIN, II, Attorneys for Defendant-Appellant, Sharon Mack.
Before: PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
Defendant, Sharon Mack, appeals a trial court judgment rendered against her and in favor of the plaintiff, Helen Matthews. Ms. Matthews has answered the appeal, challenging the trial court's apportionment of fault and seeking damages for frivolous appeal. For the reasons that follow, we affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND
The parties to this matter had engaged in a long-standing dispute concerning the proper boundary line between their respective properties. In December 2002, this dispute escalated into a physical altercation between the parties. As a result of this physical altercation, Ms. Matthews filed a petition against Ms. Mack on December 8, 2003. In the petition, Ms. Matthews alleged that Ms. Mack had committed a battery against her, causing her severe personal injuries. Ms. Matthews sought damages allegedly resulting from this battery, including medical and dental expenses, physical and mental pain and suffering, lost wages, and property damages.
Ms. Mack filed an answer generally denying the allegations of the petition, as well as a reconventional demand alleging that Ms. Matthews had committed a battery against her. With this reconventional demand, Ms. Mack sought damages for personal injuries and property damage she allegedly suffered as a result of this battery.
After a trial, the trial court issued written reasons for judgment recognizing that on the date in question, the parties had engaged in a verbal disagreement concerning their long-standing boundary dispute. The trial court stated that during this disagreement, Ms. Matthews approached Ms. Mack and addressed her with "rude, inappropriate, provocative[,] and offensive language." Ms. Matthews' husband, Edward Matthews, observed this behavior and made Ms. Matthews apologize to Ms. Mack. The trial court found that Ms. Matthews apologized for her behavior and began to return to her vehicle, when Ms. Mack initiated the physical altercation and caused various injuries to Ms. Matthews.
The trial court awarded damages for medical expenses to Ms. Matthews in the amount of $382.35, property damages in the amount of $1,616.27, and general damages in the amount of $24,000. However, the trial court found that the award of general damages should be reduced by 35% in light of the offensive and provocative language Ms. Matthews directed to Ms. Mack. Thus, Ms. Matthews was awarded general damages in the amount of $15,600. A judgment in accordance with these reasons was signed on May 15, 2007.[1] Ms. Mack has appealed the judgment, challenging the trial court's findings of fact and the amount of damages awarded. Ms. Matthews has answered the appeal, challenging the trial court's allocation of a percentage of fault to her and seeking damages for frivolous appeal.

DISCUSSION
In her first assignment of error, Ms. Mack contends that the trial court erred in finding Ms. Matthews' version of the incident to be more credible than her version. According to Ms. Mack, her version of the incident should be given more deference, because of numerous alleged inconsistencies in the testimony provided by the other witnesses for Ms. Matthews.
It is well settled that the appellate court's review of fact is governed by the manifest error-clearly wrong standard. The two-part test for the appellate review of a factual finding is: (1) whether there is a reasonable factual basis in the record for the finding of the trial court, and (2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987). Thus, if there is no reasonable factual basis in the record for the trial court's finding, no additional inquiry is necessary for a finding of manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if, after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong. See Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La. 1993).
Furthermore, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 883. In other words, when findings are based on a credibility determination, a factfinder's decision to credit the testimony of one of two or more witnesses can virtually never be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 845 (La. 1989).
In this case, the trial court heard testimony from each of the parties, as well as from Mr. Matthews and his cousin, Joanne Jackson, who also witnessed the altercation. It is undisputed that Ms. Mack and Ms. Matthews were involved in a disagreement in which Ms. Matthews verbally assaulted Ms. Mack with abusive and provocative language. Mr. Matthews testified that he told his wife to apologize for her language and that she did apologize to Ms. Mack. He further testified that after apologizing, Ms. Matthews turned away from Ms. Mack, but Ms. Mack ran after his wife and attacked her. Mr. Matthews stated that he then broke up the altercation.
Ms, Matthews corroborated this testimony, stating that she was returning to her vehicle after apologizing when Ms. Mack attacked her, causing her to fall against her vehicle. She testified that she suffered various injuries, including cuts and bruises, as well as the loss of one of her teeth. Ms. Matthews further testified that her vehicle sustained property damage as a result of the physical attack.
In addition, Ms. Jackson testified that she witnessed the incident as she was looking out the window of her home. She testified that she saw Ms. Matthews attempting to get into her car, when Ms. Mack hit Ms. Matthews and caused both of them to fall to the ground. She further testified that Ms. Mack had initiated the physical confrontation, and she denied having seen Ms. Matthews hit Ms. Mack.
In contrast to the testimony of the other witnesses, Ms. Mack testified that Ms. Matthews did not apologize for the verbal assault. Instead, Ms. Mack contended that Ms. Matthews charged her as she was walking away from the dispute. She further testified that Ms. Matthews, who had her keys in her hand, punched her in the face and cut her.
When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell, 549 So.2d at 844. After a thorough review of the testimony, we find no error in the trial court's decision to credit the testimony of the other witnesses over that of Ms. Mack.[2]
Ms. Mack next contends that this court is not bound by the manifest error standard of review, because the trial court committed legal error in not applying a comparative fault analysis pursuant to LSA-C.C. art. 2323. According to Ms. Mack, this error entitles her to a de Novo review of the record. We disagree, as it is clear that the trial court properly applied comparative fault principles to this matter.
Pursuant to the aggressor doctrine established in prior Louisiana jurisprudence, a plaintiff's recovery for damages resulting from a battery was precluded if the plaintiff's own actions were sufficient to provoke the physical retaliation, unless the person retaliating had used excessive force to repel the aggression. See Landry v. Bellanger, 02-1443 (La. 5/20/03), 851 So.2d 943, 949. In Landry, 851 So.2d at 956, the Louisiana Supreme Court determined that the aggressor doctrine was inconsistent with the pure comparative fault regime established by LSA-C.C. art. 2323, which provides:
A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.
C. Notwithstanding the provisions of Paragraphs A and B, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for recovery of damages shall not be reduced.
In its written reasons for judgment, the trial court determined that Ms. Mack had initiated the physical altercation by striking Ms. Matthews in the face after Ms. Matthews had apologized and was returning to her car. Nevertheless, the trial court further determined that a 35% reduction in the amount of general damages awarded to Ms. Matthews was appropriate, due to the offensive and provocative language she directed at Ms. Mack. Clearly, the trial court properly applied comparative fault principles to this matter, as both Ms. Mack and Ms. Matthews were assessed a percentage of fault for their actions.[3] Thus, we find that the trial court did not commit an error of law, and Ms. Mack is not entitled to a de novo review of the record.
With her final assignment of error, Ms. Mack challenges the trial court's award of general damages, contending that the award of $24,000 is excessive, despite its reduction by the assessment of a percentage of fault to Ms. Matthews. At trial, Ms. Matthews testified that she was suffering from renal failure at the time of the incident and was about to begin dialysis treatment. She further testified that her doctor had put a shunt in her arm to facilitate this treatment and that this shunt was damaged in the altercation. Other evidence at trial indicated that Ms. Mack was approximately ten years younger and several inches taller than Ms. Matthews.
In its written reasons for judgment, the trial court found that as a result of the altercation, Ms. Matthews received a lacerated lip and various bruises to her eye area, arm, back, and chest. The trial court further found that one of Ms. Matthews' lower front teeth was knocked out, and her nose was broken. According to the trial court, Ms. Matthews recovered from the initial soreness and bruising brought about by these injuries after three weeks and never received additional medical care.
The trier of fact is given much discretion in the assessment of damages. LSC.C. art. 2324.1. The discretion vested in the trier of fact in fashioning an award of general damages is great, even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La. 1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). The role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Millican v. Ponds, 99-1052 (La. App. 1st Cir. 6/23/00), 762 So.2d 1188, 1192. In light of these principles and after a thorough review of the record, we are unable to say that the trial court's general damages award was an abuse of its discretion.
In her answer to the appeal, Ms. Matthews contends that her general damages award should not have been reduced by any allocation of fault to her, because she was retreating to her car at the time Ms. Mack attacked her. In support of this argument, Ms. Matthews cites cases standing for the proposition that mere words, no matter how offensive, do not justify a battery. See Daigle v. Goodwin, 311 So.2d 921, 924 (La. App. 1st Cir.), writ refused, 314 So.2d 738 (La. 1975); Butler v. Paciera, 483 So.2d 1190, 1191 (La. App. 4th Cir. 1986). We note, however, that these cases were decided prior to the supreme court's decision in Landry. Under the pure comparative fault system in Louisiana, a percentage of fault must be assessed to each person causing or contributing to the injury. As Ms. Matthews' abusive and provocative words contributed to her injury, a percentage of fault must be assessed to her, and her damages must be reduced accordingly.
Ms. Matthews has also requested damages pursuant to LSA-C.C.P. art. 2164 for Ms. Mack's allegedly frivolous appeal. Damages for a frivolous appeal may be awarded when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that the appellant's counsel does not seriously believe in the position he advocates. Cortes v. Lynch, 02-1498 (La. App. 1st Cir. 5/9/03), 846 So.2d 945, 954. The courts have been very reluctant to grant damages under this article, as it is penal in nature and must be strictly construed. Lane Memorial Hospital v. Gay, 03-0701 (La. App. 1st Cir. 2/23/04), 873 So.2d 682, 687. Rather, appeals are favored, and damages for frivolous appeal are granted only when clearly due. Charleston v. Berry, 97-2527 (La. App. 1st Cir. 12/28/98), 723 So.2d 1069, 1075.
Although we have determined that this appeal lacks merit, we cannot find that Ms. Mack and her counsel did not seriously believe the position advocated. Furthermore, this appeal is devolutive in nature; therefore, it could not serve to delay the execution of the trial court's judgment. Accordingly, we find that damages for frivolous appeal are not warranted.

DECREE
For the foregoing reasons, we affirm the judgment of the trial court. Each party is to bear her respective costs of appeal.
AFFIRMED.
NOTES
[1] On August 9, 2007, the trial court signed an amended judgment, certifying the previous judgment as a final judgment.
[2] Ms. Mack also contends that the testimony of the other witnesses is internally inconsistent, thus supporting a finding of manifest error. It is true that where documents or objective evidence so contradict the witnesses' story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witnesses' story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Rosell, 549 So.2d at 844-45. However, in this case, the alleged inconsistencies in the testimonies of these witnesses are minor and do not rise to the level of preventing a reasonable factfinder from crediting the testimonies. Thus, we find no error in the trial court's decision not to credit Ms. Mack's version of the events and to credit the version of the other witnesses.
[3] We note that Ms. Matthews' offensive and provocative language was certainly intentional and amounted to more than mere negligence. Therefore, the prohibition against the reduction of damages found in LSA-C.C. art. 2323(C) is inapplicable under the circumstances of this case. See Landry, 851 So.2d at 946, 954.